1  CHARLES S. BARQUIST  (CA SBN 133785)
   CBarquist@mofo.com
2  MORRISON & FOERSTER LLP
   555 West Fifth Street
3  Los Angeles, California 90013-1024
   Telephone:  213.892.5200
4  Facsimile:  213.892.5454

5  JACQUELINE C. CHARLESWORTH  (*pro hac vice pending*)
   JCharlesworth@mofo.com
6  KELVIN D. CHEN  (*pro hac vice pending*)
   KChen@mofo.com
7  MORRISON & FOERSTER LLP
   1290 Avenue of the Americas
8  New York, New York  10104
   Telephone:  212.468.8000
9  Facsimile:  212.468.7900

10 PAUL GOLDSTEIN  (CA SBN 79613)
   PGoldstein@mofo.com
11 559 Nathan Abbott Way
   Stanford, California  94305-8610
12 Telephone:  650.723.0313
   Facsimile:  650.327.0811

13

14 Attorneys for Plaintiffs
   DON HENLEY AND MIKE CAMPBELL

15

16              UNITED STATES DISTRICT COURT

17              CENTRAL DISTRICT OF CALIFORNIA

18

19              SACV09-0481 JVS (RNBx)

20 DON HENLEY and MIKE CAMPBELL,        Case No.

21              Plaintiffs,              **COMPLAINT**

22         v.                           **DEMAND FOR JURY
                                        TRIAL**
23 CHARLES S. DEVORE
   and JUSTIN HART,

24              Defendants.

25

26

27

28

Plaintiffs Don Henley and Mike Campbell bring this Complaint against Charles S. DeVore and Justin Hart, and allege as follows:

## INTRODUCTION

1.     This action arises out of the wholesale appropriation and exploitation by Defendants DeVore and Hart of the well-known and valuable song "The Boys of Summer," written by Plaintiffs Don Henley and Mike Campbell.  Defendants' infringing conduct is unauthorized, brazenly willful, and pursued solely in order to promote DeVore and Hart's personal and professional agenda.  Openly flouting Henley and Campbell's intellectual property rights, DeVore and Hart copied almost all of Henley and Campbell's copyrighted musical composition note for note and, altering the lyrics to suit their own purpose and using a recorded performance of the work to mimic the original Henley recording, produced and distributed a video featuring Henley and Campbell's song (the "Boys of Summer Video").  DeVore and Hart's avowed aim in doing this was to use the Boys of Summer Video to promote DeVore's campaign for the Republican nomination for the U.S. Senate in 2010.

2.     To this end, DeVore and Hart posted the infringing Boys of Summer Video on the popular online video site YouTube and elsewhere, publicized their efforts through multiple media outlets, and encouraged others to make infringing videos of Henley and Campbell's work as well.

3.     Henley sent a notice requesting YouTube to remove the infringing Boys of Summer Video pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512, and the Boys of Summer Video was taken down from the YouTube site.  DeVore and Hart, however, have asked YouTube to repost the Boys of Summer Video.  YouTube, in turn, has notified Henley that it will do so unless Henley pursues prompt legal action against DeVore and Hart.

1

4.     Further, just days after being informed that Henley objected to their infringing use of "The Boys of Summer," DeVore and Hart appropriated and exploited yet another famous song widely associated with Henley, "All She Wants to Do Is Dance," which they also fashioned into a campaign advertisement (the "Dance Video"). Again, DeVore and Hart copied almost the entire musical composition note for note, altering the lyrics to suit their own purpose and, using a recorded performance of the work to mimic the original Henley recording, produced and distributed this second video.

5.     In making and distributing the videos, DeVore and Hart have willfully and intentionally appropriated not just Henley's exclusive rights, but also his goodwill, identity and persona by using well-known songs associated with him, one almost immediately after another, in what are essentially campaign fundraising videos. Such close identification of Henley with DeVore's fundraising efforts is an egregious, intentional, false association that must be stopped.

6.     Henley, who carefully selects the particular causes he wishes to endorse and selectively licenses his exclusive copyrights, did not authorize DeVore or Hart to use his copyrighted musical work, does not endorse DeVore's campaign and does not wish his name or work to be associated with DeVore or the DeVore campaign. Nor does Campbell wish his copyrighted work to be used by or associated with DeVore or DeVore's campaign.

7.     In bringing this action, Henley and Campbell seek (i) a declaration that DeVore and Hart have infringed Henley and Campbell's rights under the Copyright Act, 17 U.S.C. § 101 *et seq.*, the Lanham Act, 15 U.S.C. § 1051 *et seq.* and California Business & Professions Code § 17200 *et seq.*, (ii) preliminary and permanent injunctive relief to halt DeVore and Hart's continuing violation of their intellectual property rights, (iii) damages, and (iv) attorneys' fees and costs.

**JURISDICTION AND VENUE**

8.     This action arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and California Business & Professions Code § 17200 *et seq.*

9.     This Court has original subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a) and (b).

10.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

11.     This Court has personal jurisdiction over DeVore and Hart.  On information and belief, DeVore resides in and maintains his campaign office in Irvine, California, within this District.  On information and belief both DeVore and Hart conduct continuous and systematic business in the state of California and this District.

12.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because DeVore and Hart or their agents may be found in this District and because they are subject to personal jurisdiction in this District.

**PARTIES**

13.     Plaintiff Don Henley is a songwriter and recording artist.  He is a resident of Dallas, Texas.

14.     Plaintiff Mike Campbell is a songwriter, recording artist, and producer.  He is a resident of Los Angeles, California.

15.     On information and belief, Defendant DeVore is a California State Assemblyman residing in Irvine, California.  DeVore is now conducting a campaign for the Republican nomination for the U.S. Senate seat currently held by

U.S. Senator Barbara Boxer. DeVore maintains an office at 3 Park Plaza, Suite 275, Irvine, California 92614 and a mailing address for his campaign at 4790 Irvine Boulevard, Suite 105-191, Irvine, California 92620.

16.    On information and belief, Defendant Hart, a resident of Virginia, is employed by DeVore as the Director of Internet Strategies and New Media for DeVore's California-based campaign. In this capacity, Hart travels to California and engages in business in California.

## FACTUAL ALLEGATIONS

17.    Henley and Campbell own the copyright to "The Boys of Summer," which has been registered with the United States Copyright Office, registration number PA 231-596.

18.    Henley, a preeminent songwriter and recording artist, is a founding member and lead singer of the Eagles, the band credited with recording the largest-selling album ever in the United States. Henley co-wrote all ten of the Eagles' top ten hits and was the lead singer for many of them.

19.    In addition to his extraordinary success as a member of the Eagles, Henley has also had a remarkable solo career. His multi-platinum solo album *Building the Perfect Beast*, released in 1984, included the hit song "The Boys of Summer." "The Boys of Summer," in which the singer reminisces on his love for a woman during summer days, earned Henley a Grammy Award in 1985.

20.    Campbell, a prominent songwriter, recording artist, and producer, is a founding member of the rock band Tom Petty and the Heartbreakers. In addition to his work with Henley and Tom Petty, he has co-written songs that have been recorded by other popular artists, including the Dixie Chicks, Stevie Nicks and John

4

Prine. He has co-produced a series of top-selling albums for Tom Petty and has also acted as a producer for Stevie Nicks, Roy Orbison and Del Shannon.

21.   At no time has DeVore or Hart obtained a license, authorization, or other permission to exploit "The Boys of Summer" in the manner described herein or to capitalize on Henley and Campbell's celebrity or reputation as songwriters and recording artists for the purpose of promoting DeVore's political aspirations. Indeed, Henley has a longstanding practice of denying requests to license his works for political or religious causes.

22.   DeVore maintains an online presence for his Senate campaign through a variety of Internet applications, including his Facebook.com page, a Twitter.com page, and several other websites, such as http://www.ChuckDeVore.com, http://tweetforchuck.com/tweet2 and http://www.Chuck76.com. DeVore also contributes a web-log through the website http://bighollywood.breitbart.com/cdevore.

23.   As described in a January 30, 2009 article in *The Wall Street Journal*, DeVore frequently uses the Internet as a fundraising source. According to the article, such online fundraising efforts are led by Hart.

24.   On or about April 1, 2009, DeVore posted an article on the website "Andrew Breitbart Presents Big Hollywood" ("Big Hollywood"). In this article, DeVore published a set of lyrics to accompany the music of Henley and Campbell's song "The Boys of Summer." DeVore's lyrics do not comment on the style, technique, genre, or subject matter of Henley and Campbell's song; instead, they address the actions of President Barack Obama.

25.   In the same April 1 "Big Hollywood" article, DeVore included a link to the Boys of Summer Video posted by Hart that reproduces Henley and Campbell's

5

1   song, as sung by Hart, and encouraged others to make their own infringing videos

2   as well. The Boys of Summer Video, titled "A Special Message from Chuck

3   DeVore," consists of a spoken introduction by Hart, followed by a full-length,

4   verse-by-verse rendition of Henley and Campbell's song that reproduces, note for

5   note, almost all of the music Henley and Campbell wrote for the song, mimics

6   Henley's recorded performance of "The Boys of Summer" music, and substitutes

7   DeVore's lyrics for Henley and Campbell's. This unauthorized use of Henley and

8   Campbell's copyrighted work is synchronized with a series of photographic images

9   of DeVore, Hart and President Barack Obama, among others.

10  26.   Hart's introduction, spoken over the well-known opening bars of Henley and

11  Campbell's work, explains the purpose of the Boys of Summer Video as follows:

12  "Hi, this is Justin Hart. I'm Director of Internet Strategies and New Media for the

13  Chuck DeVore Campaign. And we want to thank you, the thousands of supporters

14  of Chuck DeVore, in his bid for the U.S. Senate. And to show you our

15  appreciation, Chuck has prepared a very serious exposition on the financial crisis

16  and political realities of our day under President Barack Obama."

17

18  27.   At the conclusion of the Boys of Summer Video, with the instrumental

19  recording of Henley and Campbell's song still playing, a DeVore campaign ad

20  slogan appears: "Time for Chuck DeVore." Beneath the slogan, there is a standard

21  campaign ad notice that the video has been "paid for by DeVore for California,"

22  even though no payment has been made to, nor permission sought from, Henley

23  and Campbell for the music in the video, to which they own the rights.

24  28.   On information and belief, DeVore and/or Hart arranged to post the Boys of

25  Summer Video on YouTube, from which it was linked to other websites such as

26  DeVore's page on the popular Facebook site. Additionally, on information and

27  belief, by posting the Boys of Summer Video to another online host service,

28

1   Hipcast.com, DeVore and/or Hart arranged to make the Boys of Summer Video

2   available as a link through still more online sources used by DeVore to publicize

3   and generate support for his campaign.

4
5   29.     Henley and Campbell's song and the associated instrumental track are used

6   throughout the entire Boys of Summer Video, including during the promotional

7   messages for DeVore's campaign.  Viewers accessing the Boys of Summer Video

8   through YouTube or by other means who are familiar with Henley and Campbell's

9   well-known song could easily conclude that "The Boys of Summer" was used by

10  DeVore and Hart with permission, even though Henley and Campbell did not, and

11  would not, authorize the use of their song for this purpose.  Viewers might also

12  conclude that Henley and Campbell are political supporters or sponsors of DeVore,

13  which they are not.

14  30.     Concerned about this unauthorized and damaging use of his song, Henley

15  directed that a takedown notice be sent to YouTube on or about April 3, 2009,

16  pursuant to the DMCA, 17 U.S.C. § 512, asking that the Boys of Summer Video be

17  removed.  On information and belief, YouTube responded to the notice by

18  removing the Boys of Summer Video from its service.

19
20  31.     On information and belief, on or about April 7, 2008, DeVore and/or Hart

21  sent a DMCA counter-notice to YouTube requesting that the Boys of Summer

22  Video be reposted.

23  32.     On or about April 8, 2009, YouTube sent notice to Henley's counsel,

24  explaining that as a result of the DMCA counter-notice, YouTube would wait ten

25  days for confirmation that Henley had filed an action seeking a court order to

26  restrain the infringing activities of DeVore and Hart.  In the notice, YouTube

27  further explained that if it did not receive notice of such a suit within ten days,

28  YouTube would reinstate the material to YouTube.

7

33.     Additionally, on or about April 7, 2009, DeVore posted another article on the "Big Hollywood" site.  In this article, DeVore observed that the Boys of Summer Video had been taken down from YouTube due to a notice of infringement.  In an apparent dismissal of and reaction to Henley's efforts to protect his intellectual property rights – and apparently ignoring the fact that a "parody" involves criticism of a particular work, not of the person who created it or of a third party – DeVore stated: "And, it goes without saying that I'll now be looking for every opportunity to turn any Don Henley work I can into a parody of any left tilting politician who deserves it . . . ."

34.     Notwithstanding his knowledge of Henley's claim of infringement concerning the Boys of Summer Video, DeVore included in the April 7 article a link to a different website where the Boys of Summer Video could continue to be accessed, http://www.chuck76.com/nov.  On information and belief, this posting of the Boys of Summer Video was hosted by an online service provider used by DeVore and/or Hart, Hipcast.com.

35.     In addition to being able to view the Boys of Summer Video, a user who clicked on the link supplied by DeVore in the April 7 post and then attempted to navigate from the video to www.chuck76.com was automatically redirected to a DeVore fundraising page captioned "SUPPORT Chuck DeVore for US Senate," at http://tweetforchuck.com/tweet2.

36.     On or about April 14, 2009, Henley's counsel sent a takedown notice to Hipcast.com.  On or about April 15, 2009, Hipcast.com notified counsel for Henley that it would arrange for the Boys of Summer Video to be taken down or disabled, and the video was removed from the Hipcast site.

37.     Also on or about April 14, 2009, DeVore made good on his threat to commit additional acts of infringement based upon Henley's creative work.  To this end,

8

1  DeVore and Hart produced a new video, the Dance Video, incorporating almost the
2  entirety of another very well-known song recorded by Don Henley (this one written
3  by Henley's colleague, Danny Kortchmar), "All She Wants to Do Is Dance." In the
4  Dance Video, which again appropriates and alters the underlying copyrighted work
5  to further DeVore's political ambitions, DeVore presents a critique of Senator
6  Barbara Boxer.

7  38.    In addition to taking valuable copyrighted works and repurposing them for
8  their own interests, it is apparent that DeVore and Hart are attempting to capitalize
9  on Henley and Campbell's fame and popularity as hit songwriters and recording
10  artists to advance their personal and professional agenda.
11

12  39.    Henley and Campbell do not wish to have their creative work used as part of
13  DeVore's political campaign, or in videos to promote his campaign. They do not
14  want the public to believe that they might be associated with or endorse the social
15  or political views of DeVore.

16  40.    The further exploitation of "The Boys of Summer" and "All She Wants to Do
17  Is Dance" by DeVore and Hart in the above-described manner, and the wide public
18  dissemination of the Boys of Summer and Dance Videos by YouTube and other
19  online sources, will cause the creative work of Henley and Campbell to become
20  associated with DeVore and Hart in the public mind.
21

22  41.    Henley and Campbell derive substantial income and economic value from
23  licensed uses of their copyrighted musical composition "The Boys of Summer," and
24  Henley from his recorded performances in "The Boys of Summer" and "All She
25  Wants to Do Is Dance." The association of Henley and Campbell's works with
26  DeVore's campaign and views will make these works less attractive to be licensed
27  for other legitimate, income-producing purposes, such as for film, television and
28  commercials.

42.     Henley and Campbell have been irreparably harmed by the actions of DeVore and Hart, and will continue to be so harmed if DeVore and Hart are not enjoined from further using and exploiting "The Boys of Summer" and "All She Wants to Do Is Dance," from the infringement of any additional songs associated with Henley and/or Campbell that DeVore and Hart choose to appropriate, and from engaging in further conduct that falsely suggests an association between Henley and Campbell and their creative works, on the one hand, and DeVore, Hart, and the DeVore campaign, on the other.

## FIRST CLAIM FOR RELIEF

## (DIRECT COPYRIGHT INFRINGEMENT)

### (By Both Plaintiffs)

43.     Henley and Campbell repeat and reallege each and every allegation set forth in paragraphs 1 through 42 as if fully set forth herein.

44.     DeVore and Hart's unauthorized reproduction of, preparation of a derivative work based upon, distribution to the public of, and public performance of Henley and Campbell's copyrighted musical work "The Boys of Summer" in the Boys of Summer Video infringe Henley and Campbell's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 101 *et seq.*

45.     Each unauthorized reproduction, derivative work, distribution to the public and public performance of Henley and Campbell's copyrighted musical work constitutes an individual act of infringement of Henley and Campbell's exclusive rights under the Copyright Act, 17 U.S.C. § 101 *et seq.*

46.     DeVore and Hart's conduct has been and continues to be intentional, willful, and with full knowledge of Henley and Campbell's copyright interests and the infringement thereof.

47.   The foregoing acts by DeVore and Hart constitute willful, direct infringement of Henley and Campbell's exclusive rights in "The Boys of Summer."

48.   Pursuant to 17 U.S.C. § 504(c), as a direct and proximate result of DeVore and Hart's infringement of Henley and Campbell's exclusive rights, Henley and Campbell are entitled to recover statutory damages of up to $150,000 for the work infringed.  Alternatively, at Henley and Campbell's election, pursuant to 17 U.S.C. § 504(b), they shall be entitled to their actual damages, including DeVore and Hart's profits from infringement, as will be proven at trial.

49.   DeVore and Hart are causing and, unless enjoined by the Court, will continue to cause, Henley and Campbell irreparable harm for which they have no adequate remedy at law.

50.   Henley and Campbell are further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

## SECOND CLAIM FOR RELIEF

## (CONTRIBUTORY COPYRIGHT INFRINGEMENT )

### (By Both Plaintiffs)

51.   Henley and Campbell repeat and reallege each and every allegation set forth in paragraphs 1 through 50 as if fully set forth herein.

52.   Through their conduct alleged herein, DeVore and Hart knowingly and systematically induced, caused, materially contributed to and participated in the infringement of Henley and Campbell's copyrighted musical work "The Boys of Summer."

53.   Each unauthorized reproduction, derivative work, distribution to the public and public performance of Henley and Campbell's copyrighted musical work

constitutes an individual act of infringement of Henley and Campbell's exclusive rights under the Copyright Act, 17 U.S.C. § 101 *et seq.*

54.    DeVore and Hart's conduct has been and continues to be intentional, willful, and with full knowledge of Henley and Campbell's copyright interests and the infringement thereof.

55.    The foregoing acts by DeVore and Hart constitute willful, contributory infringement of Henley and Campbell's exclusive rights in "The Boys of Summer."

56.    Pursuant to 17 U.S.C. § 504(c), as a direct and proximate result of DeVore and Hart's infringement of Henley and Campbell's exclusive rights, Henley and Campbell are entitled to recover statutory damages of up to $150,000 for the work infringed.  Alternatively, at Henley and Campbell's election, pursuant to 17 U.S.C. § 504(b), Henley and Campbell shall be entitled to their actual damages, including DeVore and Hart's profits from infringement, as will be proven at trial.

57.    DeVore and Hart are causing and, unless enjoined by the Court, will continue to cause, Henley and Campbell irreparable harm for which they have no adequate remedy at law.

58.    Henley and Campbell are further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

## THIRD CLAIM FOR RELIEF

## (VICARIOUS COPYRIGHT INFRINGEMENT)

### (By Both Plaintiffs)

59.    Henley and Campbell repeat and reallege each and every allegation set forth in paragraphs 1 through 58 as if fully set forth herein.

60.   On information and belief, DeVore and Hart have and had the right and ability to control the unauthorized reproduction and/or adaptation of Henley and Campbell's copyrighted musical work "The Boys of Summer" and the unauthorized distribution to the public and public performance of the Boys of Summer Video incorporating such work, to the extent that these activities relate to DeVore's Senate campaign.

61.   On information and belief, DeVore and Hart received a direct financial and economic benefit from the Boys of Summer Video by, among other things, receiving media exposure and additional campaign contributions.

62.   Each unauthorized reproduction, derivative work, distribution to the public and public performance of Henley and Campbell's copyrighted musical work constitutes an individual act of infringement of Henley and Campbell's exclusive rights under the Copyright Act, 17 U.S.C. § 101 *et seq.*

63.   DeVore and Hart's conduct has been and continues to be intentional, willful, and with full knowledge of Henley and Campbell's copyright interests and the infringement thereof.

64.   The foregoing acts by DeVore and Hart constitute willful, vicarious infringement of Henley and Campbell's exclusive rights in "The Boys of Summer."

65.   Pursuant to 17 U.S.C. § 504(c), as a direct and proximate result of DeVore and Hart's infringement of Henley and Campbell's exclusive rights, Henley and Campbell are entitled to recover statutory damages of up to $150,000 for the work infringed. Alternatively, at Henley and Campbell's election, pursuant to 17 U.S.C. § 504(b), Henley and Campbell shall be entitled to their actual damages, including DeVore and Hart's profits from infringement, as will be proven at trial.

66.    DeVore and Hart are causing and, unless enjoined by the Court, will continue to cause, Henley and Campbell irreparable harm for which they have no adequate remedy at law.

67.    Henley and Campbell are further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

## FOURTH CLAIM FOR RELIEF

### (FALSE ASSOCIATION OR ENDORSEMENT – 15 U.S.C. § 1125(a))

### (By Plaintiff Henley)

68.    Henley repeats and realleges each and every allegation set forth in paragraphs 1 through 67 as if fully set forth herein.

69.    Henley is one of the world's most famous songwriters and recording artists. The well-known hit song, "The Boys of Summer," for which Henley earned a Grammy Award, is famously associated with Henley and immediately suggests Henley's identity and persona in the mind of the public.

70.    Similarly, the well-known hit song recorded by Henley, "All She Wants to Do Is Dance," is famously associated with Henley and immediately suggests Henley's identity and persona in the mind of the public.

71.    DeVore and Hart's use of these two songs in connection with their videos was in commerce, specifically for campaign, publicity and fundraising purposes, and to further DeVore and Hart's interests.

72.    DeVore and Hart knew or should have known that their unauthorized use of Henley's identity and persona by incorporating well-known songs associated with him in their videos, one almost immediately after another, was likely to cause confusion or mistake by the public regarding whether Henley has endorsed, is

14

affiliated, connected to, or associated with, or has approved of the message and content of, such videos, DeVore and/or DeVore's Senate campaign, in violation of the Lanham Act, 15 U.S.C. § 1125(a).

73.    Due to DeVore and Hart's unauthorized use of Henley's identity and persona through the use of these songs in their videos, Henley has suffered damages and will continue to suffer damages.

74.    DeVore and Hart's conduct has been and continues to be intentional, willful, and with full knowledge of the violation of Henley's rights.

75.    DeVore and Hart are causing and, unless enjoined by the Court, will continue to cause, Henley irreparable harm for which he has no adequate remedy at law.

76.    Henley is further entitled to his attorneys' fees and full costs pursuant to 15 U.S.C. § 1117, and prejudgment interest according to law.

## FIFTH CLAIM FOR RELIEF

## (STATE UNFAIR BUSINESS PRACTICES –

## CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200)

### (By Plaintiff Henley)

77.    Henley repeats and realleges each and every allegation set forth in paragraphs 1 through 76 as if fully set forth herein.

78.    As described above, DeVore and Hart's conduct is likely to cause confusion or mistake regarding whether Henley has endorsed, is affiliated, connected to or associated with, or has approved of the message and content of, the Boys of Summer and Dance Videos, DeVore and/or his Senate campaign.  The conduct of

DeVore and Hart is intended to produce and likely has produced substantial benefits for DeVore and Hart at the expense of Henley.

79.    DeVore and Hart's conduct is likely to deceive the general public and constitutes willful and intentional unlawful, unfair and fraudulent business practices in violation of California Business & Professions Code § 17200 *et seq.*

80.    Henley has suffered substantial injury as a result of DeVore and Hart's wrongful acts. DeVore and Hart's misconduct also has caused, and is continuing to cause, irreparable injury to Henley, his reputation and goodwill, and unless enjoined will cause further irreparable injury for which Henley has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Henley and Campbell pray for relief as follows:

### FIRST, SECOND AND THIRD CLAIMS FOR RELIEF

1.    For a declaration that:

(a)    through their conduct, DeVore and Hart have willfully and directly infringed the copyright in the musical work "The Boys of Summer," by their unauthorized reproduction of, creation of a derivative work based upon, distribution to the public of, and public performance of such work, in violation of Henley and Campbell's exclusive rights under the Copyright Act, 17 U.S.C. § 101 *et seq.*;

(b)    through their conduct, DeVore and Hart have willfully and contributorily infringed the copyright in the musical work "The Boys of Summer" by their unauthorized reproduction of, creation of a derivative work based upon, distribution to the public of, and public performance of

16

1     such work, in violation of Henley and Campbell's exclusive rights under the

2     Copyright Act, 17 U.S.C. § 101 *et seq.*; and

3

4     (c)    through their conduct, DeVore and Hart have willfully and vicariously

    infringed the copyright in the musical work "The Boys of Summer" by their

5     unauthorized reproduction of, creation of a derivative work based upon,

6     distribution to the public of, and public performance of such copyrighted

7     work, in violation of Henley and Campbell's exclusive rights under the

8     Copyright Act, 17 U.S.C. § 101 *et seq.*;

9

10     2.    For a preliminary and permanent injunction enjoining DeVore and

11 Hart and their agents, servants, employees, officers, attorneys, successors,

12 licensees, partners, and assigns, and all persons acting in concert with them:

13     (a)    from all further infringing conduct in connection with the Boys of

14     Summer Video;

15

16     (b)    from all further infringement of any copyrighted musical work owned

    or controlled by Henley and/or Campbell; and

17

18     (c)    requiring removal of the Boys of Summer Video from all places where

19     it has been stored and/or made available and destruction of any and all copies

20     of the Boys of Summer Video;

21

22     3.    For an award of statutory damages to Henley and Campbell pursuant

23 to the Copyright Act in the amount of $150,000 for the willful infringement of

Henley and Campbell's work "The Boys of Summer" or, at Henley and Campbell's

24 election, actual damages and profits as permitted under the Copyright Act, in an

25 amount to be determined at trial;

26

27     4.    For prejudgment interest according to law;

28

5.     For an order awarding Henley and Campbell their attorneys' fees, together with the costs and disbursements of this action; and

6.     For such other relief as the Court deems just and proper.

## FOURTH AND FIFTH CLAIMS FOR RELIEF

1.     For a declaration that:

(a)     through their conduct, DeVore and Hart improperly used Henley's identity and persona by creating the false impression that Henley has endorsed, is affiliated, connected to or associated with, or has approved of the message and views of, the Boys of Summer and Dance Videos, DeVore and/or his Senate campaign, in violation of the Lanham Act, 15 U.S.C. § 1125(a); and

(b)     through their conduct, DeVore and Hart improperly used Henley's identity and persona by creating the false impression that Henley has endorsed, is affiliated, connected to or associated with, or has approved of the message and views of, the Boys of Summer and Dance Videos, DeVore and/or his Senate campaign, in violation of California Business & Professions Code § 17200 *et seq.*;

2.     For a preliminary and permanent injunction enjoining DeVore and Hart and their agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert with them:

(a)     from all further unlawful conduct in connection with the Boys of Summer Video and Dance Video;

(b)     from improperly suggesting an association with Henley or his creative works in violation of the Lanham Act,  15 U.S.C. § 1125(a);

18

(c)  from improperly suggesting an association with Henley or his creative works in violation of California Business & Professions Code § 17200 *et seq.*; and

(d)  requiring removal of the Boys of Summer Video and Dance Video from all places where it has been stored and/or made available and destruction of any and all copies of the Boys of Summer Video and Dance Video;

3.  For an award of DeVore and Hart's profits and damages according to proof, for their violations of the Lanham Act, 15 U.S.C. § 1125(a), in an amount to be determined at trial;

4.  For an award of DeVore and Hart's profits and damages according to proof, for their violations of California Business & Professions Code § 17200 *et seq.*, in an amount to be determined at trial;

5.  For prejudgment interest according to law;

6.  For an order awarding Henley his attorneys' fees, together with the costs and disbursements of this action; and

7.  For such other relief as the Court deems just and proper.

1

2

## JURY DEMAND

3        Henley and Campbell hereby demand a trial by jury on all issues so triable.

4

5    Dated:    April 17, 2009          MORRISON & FOERSTER LLP
                                       CHARLES S. BARQUIST
6                                      JACQUELINE C. CHARLESWORTH
                                       KELVIN D. CHEN
7                                      PAUL GOLDSTEIN

8

9                                      By: _____
                                           Paul Goldstein
10
                                       Attorneys for Plaintiffs
11                                     DON HENLEY and MIKE CAMPBELL

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV09- 481 JVS (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [X] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Charles S. Barquist (SBN 133785)
Morrison & Foerster LLP
555 West Fifth Street, Suite 3500
Los Angeles, CA  90013-1024
Telephone:  (213) 892-5200
Fax:  (213) 892-5454
Attorneys for Plaintiffs
Don Henley and Mike Campbell

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON HENLEY and MIKE CAMPBELL, <br><br> **PLAINTIFFS** <br><br> v. <br><br><br> CHARLES S. DEVORE and JUSTIN HART, <br> **DEFENDANTS.** | CASE NUMBER <br><br> **SACV09-0481 JVS (RNBx)** <br><br><br><br> **SUMMONS** |

TO:DEFENDANT(S): Charles S. DeVore and Justin Hart

A lawsuit has been filed against you.

Within _____20_____ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Charles S. Barquist, whose address is 555 W. Fifth Street, Suite 3500, Los Angeles, California  90013.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: APR 1 7 2009 _____

By: _____
LAUREE HORN
Deputy Clerk
(Seal of the Court)

1192

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)
la-1024768

**SUMMONS**

American LegalNet, Inc.
www.USCourtForms.com

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Don Henley and Mike Campbell | Charles S. DeVore and Justin Hart |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Charles S. Barquist<br>Morrison & Foerster LLP<br>555 West Fifth Street, Suite 3500<br>Los Angeles, CA 90013-1024<br>Telephone: (213) 892-5200 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** 150,000 or actual damages

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☒ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities -- Employment | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities -- Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)          **CIVIL COVER SHEET**          Page 1 of 2
la-1024769

SACV09-0481

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Mike Campbell: Los Angeles | Don Henley: Texas |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Charles S. DeVore: Orange County | Justin Hart: Virginia |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date April 17, 2009
Charles S. Barquist

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

American LegalNet, Inc.
www.FormsWorkflow.com