MORRISON & FOERSTER LLP
CHARLES S. BARQUIST (CA SBN 133785)
CBarquist@mofo.com
555 West Fifth Street
Los Angeles, California 90013-1024
Telephone: 213.892.5200
Facsimile: 213.892.5454

JACQUELINE C. CHARLESWORTH (*pro hac vice*)
JCharlesworth@mofo.com
CRAIG B. WHITNEY (CA SBN 217673)
CWhitney@mofo.com
KELVIN D. CHEN (*pro hac vice*)
KChen@mofo.com
1290 Avenue of the Americas
New York, New York 10104
Telephone: 212.468.8000
Facsimile: 212.468.7900

PAUL GOLDSTEIN (CA SBN 79613)
PGoldstein@mofo.com
559 Nathan Abbott Way
Stanford, California 94305-8610
Telephone: 650.723.0313
Facsimile: 650.327.0811

Attorneys for Plaintiffs

ONE LLP
CHRISTOPHER W. ARLEDGE (CA SBN 200767)
CArledge@onellp.com
PETER AFRASIABI (CA SBN 193336)
PAfrasiabi@onellp.com
JOHN TEHRANIAN (CA SBN 211616)
JTehranian@onellp.com
535 Anton Boulevard, Suite 850
Costa Mesa, California 92626
Telephone: 714.434.8750
Facsimile: 714.434.8756

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DON HENLEY and MIKE CAMPBELL,<br><br>  Plaintiffs,<br><br>  v.<br><br>CHARLES S. DEVORE and JUSTIN HART,<br><br>  Defendants. | Case No. SACV09-0481 JVS (RNBx)<br><br>Hon. James V. Selna<br><br>~~[PROPOSED]~~ **PROTECTIVE ORDER FOR DISCOVERY** |

ny-881909

Pursuant to Federal Rule of Civil Procedure 26 and the stipulation of the parties, and good cause appearing, IT IS HEREBY ORDERED THAT:

1. As used herein, the "Action" shall mean the action entitled <u>Don Henley and Mike Campbell v. Charles S. DeVore and Justin Hart</u>, SACV-09-0481-JVS (RNBx) filed in the Central District of California.

2. All materials and information, including but not limited to documents, electronically-stored information, interrogatory responses or deposition testimony, obtained through discovery in this Action ("Discovery Material"), except publicly available information obtained independent of this Action, shall be used only for the purposes of this Action and not be used, publicized, distributed, or referred to for any other purpose, directly or indirectly.

3. Any party providing any Discovery Material ("Producing Party") that in good faith contends contains information confidential to it and entitled to protection under Rule 26(c) may designate the Discovery Material as "Confidential" or "Attorneys' Eyes Only," as defined below. Except as permitted by further order of a court of competent jurisdiction, such Discovery Materials shall be received by counsel of record for all other parties (each referred to as a "Receiving Party") upon the terms and conditions of this Stipulated Protective Order (the "Protective Order"). Nothing in this Protective Order shall be construed to limit in any way any Producing Party's use of its own Discovery Materials in any manner whatsoever.

4. "Confidential" Material is any Discovery Material, or portions thereof, that constitutes nonpublic, confidential information of a party, including business or campaign information, internal marketing or promotional materials, and other similar non-public information that the Producing Party in good faith believes meets the requirements for the entry of a protective order pursuant to Rule 26(c).

5. "Attorneys' Eyes Only" Material is any Discovery Material, or portions thereof, that constitutes nonpublic, highly confidential information of a party, such as

1

ny-881909

commercially sensitive proprietary information, financial information and personal information, and other similar proprietary or sensitive non-public information that the Producing Party in good faith believes meets the requirements for the entry of a protective order pursuant to Rule 26(c).

6. The designation "Confidential" or "Attorneys' Eyes Only" shall not apply to any Discovery Material that is publicly available independent of this Action and that the Receiving Party has acquired through lawful means.

7. Discovery Material shall be designated "Confidential" or "Attorneys' Eyes Only" in the following ways:

(a) In the case of documents and electronically-stored information, and information contained therein, designation shall be made by placing on the document the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"; if the item cannot be directly marked, then the item shall be enclosed in packaging that is visibly marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

(b) In the case of interrogatory answers and the information contained therein, designation shall be made by placing on the pages containing the confidential information the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

(c) In producing original files and records for inspection, no marking need be made by the Producing Party in advance of the inspection for the purposes of the inspection. Instead, all documents produced shall be considered as marked "ATTORNEYS' EYES ONLY." Thereafter, upon selection of specified documents for copying by the Receiving Party, the Producing Party shall mark as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" the copies of such documents as may contain confidential information at the time the copies are produced to the Receiving Party.

ny-881909

(d) If depositions are conducted that involve confidential information, counsel for the witness or the Producing Party may state, on the record, the portion of the deposition that counsel believes may contain information that should be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," and may request that only those individuals who are authorized to have access to such information in accordance with this Protective Order be present during that portion of the deposition. In addition, each party shall have thirty (30) days after receipt of the deposition transcript in which to inform the other parties of the portions of the transcript (by specific page and line reference) to be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

8. The parties shall designate Discovery Material as Confidential or Attorneys' Eyes Only on a good-faith basis and not for purposes of harassing the Receiving Party or unnecessarily restricting the Receiving Party's access to information concerning the Action.

9. Notwithstanding the restrictions of Paragraphs 10 and 11, an attorney qualified to receive Discovery Material designated as Confidential or Attorneys' Eyes Only under this Protective Order shall not be precluded from rendering legal advice to or discussing with her or his client the merits of any issue in this Action provided that the specific substance or content of Discovery Material designated as Confidential or Attorneys' Eyes Only is not revealed to a person who is not qualified to receive such information under the terms of this Protective Order.

10. Discovery Material designated as "Attorneys' Eyes Only," and the information contained therein, shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner, either directly or indirectly, to any person or entity other than the following:

ny-881909

(a) Counsel of record for the parties in the Action, including their partners, associates, secretaries, paralegals and employees, who are specifically assigned to work on or assist in the prosecution or defense of this matter;

(b) The Court and Court personnel (including law clerks and clerical personnel);

(c) Court reporters and videographers who record any testimony taken in this action;

(d) Any person who was an original author or authorized recipient (regardless of whether actually received) of the Discovery Material, subject to the restrictions set forth in this Protective Order;

(e) Professional vendors and contractors engaged to provide litigation support services, including professional jury or trial consultants and persons engaged in photocopying; translating; preparing exhibits or demonstrations; organizing, storing, or retrieving data, and their employees, agents and subcontractors and, in the case of professional jury consultants, their mock jurors;

(f) Independent consultants and/or experts who are engaged to furnish expert or technical services or to give expert testimony with regard to this Action and who are not otherwise affiliated in any way with a party; and

(g) Any other person to whom the parties agree either in writing or on the record during a deposition.

11. Discovery Material designated as "Confidential," and the information contained therein, shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner, either directly or indirectly, to any person or entity other than the following:

       (a)    The persons and entities identified in paragraph 10 of this Protective Order;

       (b)    The parties and bona fide employees of the parties, when they have a need to know the Confidential Material, including for the purposes of settlement discussions;

       (c)    Witnesses who are not otherwise authorized to receive Confidential Material pursuant to this paragraph who are being examined at deposition about Confidential Material; and

       (d)    Any other person to whom the parties agree either in writing or on the record during a deposition.

12.    Before disclosure of any Confidential or Attorneys' Eyes Only Material is made to any persons identified in Paragraphs 10(e), 10(f), 11(b) and/or 11(c), counsel for the party disclosing the information shall obtain a written undertaking, substantially in the form attached hereto as Appendix A, which may be executed in paper form or electronically by indicating acceptance of its terms via return email, from each person to whom disclosure is to be made, acknowledging that Discovery Material is subject to this Protective Order and shall be used only for the purposes of this Action and not be used or disclosed for any other purpose, that the person has read this Protective Order, that such person agrees to comply with, and be bound by, this Protective Order, and that such person is aware that contempt sanctions may be entered for violation of this Protective Order. The signed undertaking shall be retained by the attorneys of record disclosing such Confidential or Attorneys' Eyes Only Material.

13.    Notwithstanding the provisions of this Protective Order, where the Confidential or Attorneys' Eyes Only Materials are not material to issues addressed in court submissions, the parties may file documents in redacted form.

ny-881909

14.    Confidential or Attorneys' Eyes Only Material, if filed or submitted to the Court, shall be submitted along with an application for filing under seal in accordance with Local Rule 79-5.1. The parties understand that any application to file documents under seal should seek to file under seal only those portions of the documents that contain confidential information, should be supported by the appropriate showing, and should be made to the judicial officer presiding over the proceedings in question. Those portions of the documents that are confidential accompanying any such application may be placed in a sealed envelope marked "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER."

15.    Production of materials shall not constitute a waiver of confidentiality if, as soon as reasonably possible after the Producing Party realizes that there has been an inadvertent or unintentional disclosure without appropriate confidentiality designations, the Producing Party provides notice and appropriately marked replacement copies. At the request of the Producing Party, the Receiving Party shall no longer use and immediately shall return or, in the case of electronic files, may in the alternative provide written certification of the destruction of, any and all copies of such incorrectly designated document(s). No showing of error, inadvertence or excusable neglect shall be required for such redesignation. Nothing herein shall prevent the Receiving Party from challenging the confidentiality designation as set forth in Paragraph 16.

16.    Any party may contest a claim of confidentiality. If the Receiving Party disagrees with the designation and marking by any Producing Party of any Discovery Material, then the parties shall first try to resolve such disagreements on an informal basis. If agreement cannot be reached, then such dispute may be presented to the Court by either party by motion in compliance with Local Rule 37. In the resolution of such matter, the burden of establishing confidentiality shall be on the Producing

1  Party.  Pending a decision on any such motion, the Discovery Material subject to the
2  submission shall continue to be treated as "Confidential" or "Attorneys' Eyes Only"
3  under this Protective Order.
4        17.    Nothing in this Protective Order is intended to constitute any agreement
5  regarding the scope of discovery or the use or admissibility of any documents or
6  information in connection with any motion, trial, hearing or other proceeding in this
7  action.  This Protective Order shall be without prejudice to the right of any party to
8  oppose production of information on any applicable ground other than
9  confidentiality, including the attorney-client privilege, work product doctrine or other
10 privileges or doctrines of nondisclosure, and nothing in this Protective Order shall be
11 construed as a waiver of any party's right to object or assert any such privileges or
12 doctrines in response to any request for information.  The existence of this Protective
13 Order shall not be used by any party as a basis for discovery that is not otherwise
14 proper under the Federal Rules of Civil Procedure.
15       18.    If, through inadvertence, a Producing Party provides any Discovery
16 Material that is subject to a claim of privilege or protection based on attorney-client
17 privilege, work product doctrine or any other applicable privileges or doctrines of
18 nondisclosure ("claim of privilege"), the Producing Party shall inform all Receiving
19 Parties of the inadvertent disclosure as soon as reasonable after discovery of the
20 inadvertent disclosure.  After being notified, a Receiving Party shall return to the
21 Producing Party the specified Discovery Material and any copies thereof or, in the
22 case of electronic files, may in the alternative provide written certification of the
23 destruction of any and all copies of such files, within five (5) business days of receipt
24 of such notice, and shall not further disclose or use the information contained in the
25 Discovery Material.  If a Receiving Party disclosed the information before being
26 notified of the claim of privilege, the Receiving Party must take reasonable steps to
27 retrieve the information.  Any party may present the information to the Court
28

pursuant to the procedures set forth in Local Rule 37 for determination of the claim of privilege. The party asserting the claim of privilege bears the burden of establishing privilege.

19. This Protective Order shall not prevent any party from applying to the Court for relief there from, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modify or vacate this Protective Order, subject to the approval of the Court.

20. If discovery is sought of or provided by a non-party requiring disclosure of such non-party's confidential information, the non-party may avail itself of the provisions of this Protective Order, and the information designated "Confidential" or "Attorneys' Eyes Only" by such non-party will be accorded the same protection as the parties' Confidential or Attorneys' Eyes Only Material.

21. If a Receiving Party is served with a subpoena seeking production or disclosure of Confidential or Attorneys' Eyes Only Material, the Receiving Party shall notify the Producing Party promptly and in no event less than five (5) business days before production or disclosure shall be made. Such notification must include a copy of the subpoena or court order.

The Receiving Party shall use its best efforts to facilitate the Producing Party's ability to submit objections to disclosure and to obtain any extensions of time that may be reasonably necessary in order to submit such objections; however, the burden of opposing the enforcement of the subpoena shall otherwise fall upon the Producing Party. Compliance by the Receiving Party with any order directing production of any Confidential or Attorneys' Eyes Only Material pursuant to the subpoena shall not constitute a violation of this Protective Order. Nothing in this Protective Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

ny-881909

1   22.   Within sixty (60) days of the conclusion of this action, including any appeals, all Discovery Material, and all copies thereof, shall be returned to the attorneys of record for the Producing Party, or, at the Producing Party's option, destroyed by counsel for the Receiving Party.  If the latter option is chosen, the Receiving Party shall certify in writing that the documents have been destroyed. Notwithstanding the foregoing provisions, outside counsel for each party may maintain (i) copies of all pleadings or other papers filed with the Court or served in the course of this Action, deposition transcripts, exhibits, attorney work product, and correspondence containing confidential information; and (ii) one file copy of all Discovery Material.  The provisions of this Protective Order insofar as it restricts the disclosure, communication of, and use of Discovery Materials shall continue to be binding after the conclusion of this Action.

Dated:                                        SO ORDERED:

_____
Honorable Robert N. Block
United States Magistrate Judge

9

ny-881909

# APPENDIX A TO PROTECTIVE ORDER

I, (full name) _____, under penalty of perjury under the laws of the United States of America declare and state the following:

1. I have read and reviewed the attached Protective Order entered in the United States District Court for the Central District of California, dated _____, 2009 in the action entitled <u>Don Henley and Mike Campbell v. Charles S. DeVore and Justin Hart</u>, SACV-09-0481-JVS (RNBx).

2. I agree to comply with and be bound by the terms of the Protective Order and not to disseminate or disclose any information subject to the Protective Order that I review or about which I am told, to any person for any reason, except in accordance with the terms of the Protective Order.

3. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purposes of enforcement of the terms of this Protective Order.

4. I am aware that contempt sanctions may be entered against me for violation of this Protective Order.

Executed on this _____ day of _____, 20\_\_\_.

_____
(*Signature*)

ny-881909