ORIGINAL

1
2  MORRISON & FOERSTER LLP
   CHARLES S. BARQUIST (CA SBN 133785)
   CBarquist@mofo.com
3  555 West Fifth Street
   Los Angeles, California 90013-1024
4  Telephone: 213.892.5200
   Facsimile: 213.892.5454

5  JACQUELINE C. CHARLESWORTH (*pro hac vice*)
   JCharlesworth@mofo.com
6  CRAIG B. WHITNEY (CA SBN 217673)
   CWhitney@mofo.com
7  KELVIN D. CHEN (*pro hac vice*)
   KChen@mofo.com
8  1290 Avenue of the Americas
   New York, New York 10104
9  Telephone: 212.468.8000
   Facsimile: 212.468.7900
10

11 PAUL GOLDSTEIN (CA SBN 79613)
   PGoldstein@mofo.com
12 559 Nathan Abbott Way
   Stanford, California 94305-8610
13 Telephone: 650.723.0313
   Facsimile: 650.327.0811

14 Attorneys for Plaintiffs
   DON HENLEY, MIKE CAMPBELL and DANNY
15 KORTCHMAR

16
17              UNITED STATES DISTRICT COURT

18              CENTRAL DISTRICT OF CALIFORNIA

19

20 | DON HENLEY, MIKE CAMPBELL and | Case No. 09-CV-481-JVS (RNBx) |
   | DANNY KORTCHMAR, | |
21 | | **FIRST AMENDED** |
   | Plaintiffs, | **COMPLAINT** |
22 | | |
   | v. | **DEMAND FOR JURY TRIAL** |
23 | | |
   | CHARLES S. DEVORE and | |
24 | JUSTIN HART, | |
25 | Defendants. | |

26
   AND RELATED COUNTERCLAIMS
27

28

ny-885785

Plaintiffs Don Henley, Mike Campbell and Danny Kortchmar bring this First Amended Complaint against Defendants Charles S. DeVore and Justin Hart, and allege as follows:

## INTRODUCTION

1.    This action arises out of the wholesale appropriation and exploitation by Defendants DeVore and Hart of the well-known and valuable songs "The Boys of Summer," written by Plaintiffs Don Henley and Mike Campbell, and "All She Wants to Do Is Dance," written by Plaintiff Danny Kortchmar.  Defendants' infringing conduct is unauthorized, brazenly willful, and pursued solely in order to promote DeVore and Hart's personal and professional agenda.

2.    Openly flouting Henley and Campbell's intellectual property rights, DeVore and Hart copied almost all of Henley and Campbell's copyrighted musical composition, "The Boys of Summer," note for note and, altering the lyrics to suit their own purpose and, using a recorded performance of the work to mimic the original Henley recording, produced and distributed a video featuring Henley and Campbell's song (the "Boys of Summer Video").  DeVore and Hart's avowed aim in doing this was to use the Boys of Summer Video to promote DeVore's campaign for the Republican nomination for the U.S. Senate in 2010.

3.    To this end, DeVore and Hart posted the infringing Boys of Summer Video on the popular online video site YouTube and elsewhere, publicized their efforts through multiple media outlets, and encouraged others to make infringing videos of Henley and Campbell's work as well.

4.    Henley caused a notice to be sent to YouTube requesting YouTube to remove the infringing Boys of Summer Video pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512, and the Boys of Summer Video was

1

1  taken down from the YouTube site. DeVore and Hart, however, asked YouTube to
2  repost the Boys of Summer Video. YouTube, in turn, notified Henley that it would
3  do so unless Henley pursued prompt legal action against DeVore and Hart.

4
5  5.    Further, just days after being informed that Henley objected to their
6  infringing use of "The Boys of Summer," DeVore and Hart appropriated and
7  exploited yet another famous song, "All She Wants to Do Is Dance," which was
8  written by Kortchmar and is widely associated with Henley, who recorded it. As
9  they did with "The Boys of Summer," DeVore and Hart fashioned "All She Wants
10 to Do Is Dance" into a campaign advertisement video (the "Dance Video")
11 (together with the Boys of Summer Video, the "Infringing Videos"). Again,
12 DeVore and Hart reproduced a lengthy note for note rendition of the musical
13 composition, altering the lyrics to suit their own purpose and, using a recorded
14 performance of the work to mimic the original Henley recording, produced and
15 distributed this second video.

16 6.    In making and distributing the Infringing Videos, DeVore and Hart willfully
17 and intentionally appropriated Henley's, Campbell's and Kortchmar's exclusive
18 rights, as well as Henley's goodwill, identity and persona by using well-known
19 songs associated with him, one almost immediately after another, in what are
20 essentially campaign fundraising videos. Such close identification of Henley with
21 DeVore's fundraising efforts is an egregious, intentional, false association that must
22 be stopped.

23
24 7.    Henley, who carefully selects the particular causes he wishes to endorse and
25 selectively licenses his exclusive copyrights, did not authorize DeVore or Hart to
26 use his copyrighted musical work, does not endorse DeVore's campaign and does
27 not wish his name or work to be associated with DeVore or the DeVore campaign.
28

2

Nor did Campbell or Kortchmar authorize their copyrighted work to be used by or associated with DeVore or DeVore's campaign.

8.     In bringing this action, Henley, Campbell and Kortchmar seek (i) a declaration that DeVore and Hart have infringed Henley's, Campbell's and Kortchmar's rights under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and Henley's rights under the Lanham Act, 15 U.S.C. § 1051 *et seq.* and California Business & Professions Code § 17200 *et seq.*, (ii) preliminary and permanent injunctive relief to halt DeVore and Hart's continuing violation of Plaintiffs' intellectual property rights, (iii) damages, and (iv) attorneys' fees and costs.

## JURISDICTION AND VENUE

9.     This action arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and California Business & Professions Code § 17200 *et seq.*

10.     This Court has original subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a) and (b).

11.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

12.     This Court has personal jurisdiction over DeVore and Hart.  On information and belief, DeVore resides in and maintains his campaign office in Irvine, California, within this District.  On information and belief both DeVore and Hart conduct continuous and systematic business in the state of California and this District.

13.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because DeVore and Hart or their agents may be found in this District and because they are subject to personal jurisdiction in this District.

3

**PARTIES**

14.    Plaintiff Don Henley is a songwriter and recording artist.  He is a resident of Dallas, Texas.

15.    At all times relevant to the allegations in the complaint, Henley has been and remains the co-owner of the copyright to "The Boys of Summer."  In addition to using his own name, Henley has used the fictitious business names (or "d/b/as") Cass County Music and/or Woody Creek Music in relation to his copyright interests in "The Boys of Summer" and other musical compositions he has written and co-written.

16.    Plaintiff Mike Campbell is a songwriter, recording artist, and producer.  He is a resident of Los Angeles, California.

17.    At all times relevant to the allegations in the complaint, Campbell has been and remains the co-owner of the copyright to "The Boys of Summer."  In addition to using his own name, Campbell has used the fictitious business name (or "d/b/a") Wild Gator Music in relation to his copyright interests in "The Boys of Summer" and other musical compositions he has written and co-written.

18.    Plaintiff Danny Kortchmar is a songwriter, recording artist, and producer. He is a resident of Connecticut.

19.    At all times relevant to the allegations in the complaint, Kortchmar has been the copyright owner or beneficial copyright owner of "All She Wants to Do Is Dance."  In addition to using his own name, Kortchmar has used the fictitious business name (or "d/b/a") Kortchmar Music in relation to his copyright interests in "All She Wants to Do Is Dance" and other musical compositions he has written and co-written.

4

20.     On information and belief, Defendant DeVore is a California State Assemblyman residing in Irvine, California. DeVore is now conducting a campaign for the Republican nomination for the U.S. Senate seat currently held by U.S. Senator Barbara Boxer. DeVore maintains an office at 3 Park Plaza, Suite 275, Irvine, California 92614 and a mailing address for his campaign at 4790 Irvine Boulevard, Suite 105-191, Irvine, California 92620.

21.     On information and belief, Defendant Hart, a resident of Virginia, is employed by DeVore as the Director of Internet Strategies and New Media for DeVore's California-based campaign. In this capacity, Hart travels to California and engages in business in California.

## FACTUAL ALLEGATIONS

22.     Henley and Campbell are the authors and copyright owners of "The Boys of Summer," which has been registered with the United States Copyright Office, registration number PA 231-596. On the copyright registration certificate, Henley is shown to be the co-author of "The Boys of Summer" as well as a copyright co-claimant for the song under his fictitious business name, "Cass County Music." Similarly, Campbell is shown to be the co-author of the song as well as a co-claimant under his fictitious business name, "Wild Gator Music."

23.     Kortchmar is the author and original copyright owner of "All She Wants to Do Is Dance," which has been registered with the United States Copyright Office, registration number PA 237-015. On the copyright registration certificate, Kortchmar is shown to be the author of "All She Wants to Do Is Dance" as well as the copyright claimant for the song under his fictitious business name, "Kortchmar Music."

5

24.    In or about April 1992, Kortchmar assigned legal title to the copyright in "All She Wants to Do Is Dance" to WB Music Corporation c/o Warner/Chappell Music, Inc. ("Warner/Chappell"). Under his agreement with Warner/Chappell, Kortchmar is entitled to receive royalties for the exploitation of "All She Wants to Do Is Dance." Pursuant to 17 U.S.C. § 501(b), Kortchmar, as the beneficial owner of exclusive rights in the copyright to "All She Wants to Do Is Dance," is entitled to institute an action for infringement of that song.

25.    Henley, a preeminent songwriter and recording artist, is a founding member and lead singer of the Eagles, the band credited with recording the largest-selling album ever in the United States. Henley co-wrote all ten of the Eagles' top ten hits and was the lead singer for many of them.

26.    In addition to his extraordinary success as a member of the Eagles, Henley has also had a remarkable solo career. His multi-platinum solo album *Building the Perfect Beast*, released in 1984, included the hit song, "The Boys of Summer," in which the singer reminisces on his love for a woman during summer days. That song earned Henley a Grammy Award in 1985. The same album also included the hit song, "All She Wants to Do Is Dance."

27.    Campbell, a prominent songwriter, recording artist, and producer, is a founding member of the rock band Tom Petty and the Heartbreakers. In addition to his work with Henley and Tom Petty, he has co-written songs that have been recorded by other popular artists, including the Dixie Chicks, Stevie Nicks and John Prine. He has co-produced a series of top-selling albums for Tom Petty and has also acted as a producer for Stevie Nicks, Roy Orbison and Del Shannon.

28.    Kortchmar is a highly successful songwriter, recording artist, and producer. In addition to his work with Henley, he has written and co-written songs that have been recorded by other well-known artists, including James Taylor, Jackson

6

Browne, and Crosby, Stills & Nash.  He has also performed and recorded songs with these artists, as well as Ringo Star and Bon Jovi.  As a producer, Kortchmar has worked with Neil Young, Hall & Oates, James Taylor, Bon Jovi, Stevie Nicks, Billy Joel, and others.

29.     At no time has DeVore or Hart obtained a license, authorization, or other permission to exploit "The Boys of Summer" or "All She Wants to Do Is Dance" in the manner described herein or to capitalize on Henley's celebrity or reputation as a songwriter and recording artist for the purpose of promoting DeVore's political aspirations.  Indeed, Henley has a longstanding practice of denying requests to license his works for political or religious causes.

30.     DeVore maintains an online presence for his Senate campaign through a variety of Internet applications, including his Facebook.com page, a Twitter.com page, and several other websites, such as  http://www.ChuckDeVore.com, http://tweetforchuck.com/tweet2 and http://www.Chuck76.com.  DeVore also contributes a web-log through the website http://bighollywood.breitbart.com/cdevore.

31.     As described in a January 30, 2009 article in *The Wall Street Journal*, DeVore frequently uses the Internet as a fundraising source.  According to the article, such online fundraising efforts are led by Hart.

32.     On or about April 1, 2009, DeVore posted an article on the website "Andrew Breitbart Presents Big Hollywood" ("Big Hollywood").  In this article, DeVore published a set of lyrics to accompany the music of Henley and Campbell's song, "The Boys of Summer."  DeVore's lyrics do not comment on the style, technique, genre, or subject matter of Henley and Campbell's song; instead, they address the actions of President Barack Obama.

7

33.    In the same April 1 "Big Hollywood" article, DeVore included a link to the Boys of Summer Video posted by Hart that reproduces Henley and Campbell's song, as sung by Hart, and encouraged others to make their own infringing videos as well. The Boys of Summer Video, titled "A Special Message from Chuck DeVore," consists of a spoken introduction by Hart, followed by a full-length, verse-by-verse rendition of Henley and Campbell's song that reproduces, note for note, almost all of the music Henley and Campbell wrote for the song, mimics Henley's recorded performance of "The Boys of Summer" music, and substitutes DeVore's lyrics for Henley and Campbell's. This unauthorized use of Henley and Campbell's copyrighted work is synchronized with a series of photographic images of DeVore, Hart and President Barack Obama, among others.

34.    Hart's introduction, spoken over the well-known opening bars of Henley and Campbell's work, explains the purpose of the Boys of Summer Video as follows: "Hi, this is Justin Hart. I'm Director of Internet Strategies and New Media for the Chuck DeVore Campaign. And we want to thank you, the thousands of supporters of Chuck DeVore, in his bid for the U.S. Senate. And to show you our appreciation, Chuck has prepared a very serious exposition on the financial crisis and political realities of our day under President Barack Obama."

35.    At the conclusion of the Boys of Summer Video, with the instrumental recording of Henley and Campbell's song still playing, a DeVore campaign ad slogan appears: "Time for Chuck DeVore." Beneath the slogan, there is a standard campaign ad notice that the video has been "paid for by DeVore for California," even though no payment has been made to, nor permission sought from, Henley and Campbell for the music in the video, to which they own the rights.

36.    On information and belief, DeVore and/or Hart arranged to post the Boys of Summer Video on YouTube, from which it was linked to other websites such as

8

DeVore's page on the popular Facebook site. Additionally, on information and belief, by posting the Boys of Summer Video to another online host service, Hipcast.com, DeVore and/or Hart arranged to make the Boys of Summer Video available as a link through still more online sources used by DeVore to publicize and generate support for his campaign.

37.    Henley and Campbell's song and the associated instrumental track are used throughout the entire Boys of Summer Video, including during the promotional messages for DeVore's campaign. Viewers accessing the Boys of Summer Video through YouTube or by other means who are familiar with Henley and Campbell's well-known song could easily conclude that "The Boys of Summer" was used by DeVore and Hart with permission, even though Henley and Campbell did not, and would not, authorize the use of their song for this purpose. Viewers might also conclude that Henley and Campbell are political supporters or sponsors of DeVore, which they are not.

38.    Concerned about this unauthorized and damaging use of his song, Henley directed that a takedown notice be sent to YouTube on or about April 3, 2009, pursuant to the DMCA, 17 U.S.C. § 512, asking that the Boys of Summer Video be removed. On information and belief, YouTube responded to the notice by removing the Boys of Summer Video from its service.

39.    On information and belief, on or about April 7, 2008, DeVore and/or Hart sent a DMCA counter-notice to YouTube requesting that the Boys of Summer Video be reposted.

40.    On or about April 8, 2009, YouTube sent notice to Henley's counsel, explaining that as a result of the DMCA counter-notice, YouTube would wait ten days for confirmation that Henley had filed an action seeking a court order to restrain the infringing activities of DeVore and Hart. In the notice, YouTube

9

1   further explained that if it did not receive notice of such a suit within ten days,

2   YouTube would reinstate the material to YouTube.

3   41.    Additionally, on or about April 7, 2009, DeVore posted another article on the

4   "Big Hollywood" site. In this article, DeVore observed that the Boys of Summer

5   Video had been taken down from YouTube due to a notice of infringement. In an

6   apparent dismissal of and reaction to Henley's efforts to protect his intellectual

7   property rights – and apparently ignoring the fact that a "parody" involves criticism

8   of a particular work, not of the person who created it or of a third party – DeVore

9   stated: "And, it goes without saying that I'll now be looking for every opportunity

10  to turn any Don Henley work I can into a parody of any left tilting politician who

11  deserves it . . . ."

12

13  42.    Notwithstanding his knowledge of Henley's claim of infringement

14  concerning the Boys of Summer Video, DeVore included in the April 7 article a

15  link to a different website where the Boys of Summer Video could continue to be

16  accessed, http://www.chuck76.com/nov. On information and belief, this posting of

17  the Boys of Summer Video was hosted by an online service provider used by

18  DeVore and/or Hart, Hipcast.com.

19  43.    In addition to being able to view the Boys of Summer Video, a user who

20  clicked on the link supplied by DeVore in the April 7 post and then attempted to

21  navigate from the video to www.chuck76.com was automatically redirected to a

22  DeVore fundraising page captioned "SUPPORT Chuck DeVore for US Senate," at

23  http://tweetforchuck.com/tweet2.

24

25  44.    On or about April 14, 2009, Henley's counsel sent a takedown notice to

26  Hipcast.com. On or about April 15, 2009, Hipcast.com notified counsel for Henley

27  that it would arrange for the Boys of Summer Video to be taken down or disabled,

28  and the video was removed from the Hipcast site.

10

45.    Also on or about April 14, 2009, DeVore made good on his threat to commit additional acts of infringement based upon Henley's creative work.  To this end, DeVore and Hart produced a new video, the Dance Video, incorporating almost the entirety of the song "All She Wants to Do Is Dance," written by Kortchmar and recorded by Henley, to further DeVore's political ambitions.

46.    The Dance Video is devoted to a critique of the alleged tax policies of Senator Barbara Boxer – a centerpiece of DeVore's campaign – and concludes with an invitation to visit DeVore's website.  Far from being a parody of Kortchmar's work, it does not address or comment on the style or substance of Kortchmar's song at all, but rather simply employs his well-known music as a vehicle to present a campaign message for DeVore.  Indeed, Defendants have characterized the Dance Video as a "parody of Barbara Boxer's penchant to raise taxes again and again" that was "[c]reated for the tax day tea parties by Assemblyman Chuck DeVore, candidate for U.S. Senate in 2010."

47.    Like the Boys of Summer Video, the Dance Video consists of a lengthy note for note rendition of the music Kortchmar wrote and Henley famously performed, but substituting DeVore's lyrics for Kortchmar's.  This unauthorized use of Kortchmar's copyrighted work is synchronized with a series of photographic images of DeVore, Senator Boxer and Al Gore, among others.  At the conclusion of the Dance Video, as the instrumental recording of Kortchmar's song comes to a close, the message "Visit ChuckDeVore.com" appears.  On information and belief, chuckdevore.com is a website operated by Devore's campaign, which, among other things, solicits campaign contributions.

48.    On information and belief, DeVore and/or Hart arranged to post the Dance Video on YouTube and Hipcast.com, from which it was linked to other websites, such as DeVore's Facebook page and www.chuck76.com/tax.

11

49.    On or about April 16, 2008, the day before this action was filed,
Warner/Chappell, as the assignee of Kortchmar's copyright, sent a notice to
YouTube pursuant to the DMCA, 17 U.S.C. § 512, requesting that the Dance Video
be removed.

50.    On information and belief, YouTube responded to the notice by removing the
Dance Video from its service.

51.    On information or belief, on or about July 17, 2009, barely over a week after
this Court's denial of Defendants' motion to dismiss Plaintiffs' Lanham Act and
unfair competition claims (now counts seven and eight of this First Amended
Complaint), DeVore and/or Hart sent a DMCA counter-notice to YouTube
requesting that the Dance Video be reposted.

52.    On or about July 23, 2009, Plaintiffs' counsel contacted YouTube, copying
counsel for DeVore and Hart.  Plaintiffs' counsel explained that the Dance Video
was the subject of Lanham Act false association and state law unfair competition
claims in an action currently pending in federal court.  Accordingly, Plaintiffs'
counsel asked that YouTube refrain from reposting the Dance Video until there has
been a judicial determination of these claims.

53.    Despite this communication, on or about August 5, 2009, the Dance Video
was again made available on YouTube.  This time, however, the following message
was added to the opening of the video:  "Don Henley did not approve this message.
Don Henley not only didn't approve this message, he doesn't approve of Chuck
DeVore or any of Chuck DeVore's message.  The feeling is mutual."

54.    On August 5, 2009, DeVore wrote on http://twitter.com/chuckdevore, "The
video Eagles Don Henley sued us [on] to prevent you from seeing is back up on
YouTube!"  That same day, on the same site, DeVore wrote "The video about

12

ny-885785

1  Obama is still in court, Henley had no legit copyright claim on the 2d – only

2  threats.  We stared him down."

3
4  55.    In addition to taking valuable copyrighted works and repurposing them for

   their own interests, it is apparent that DeVore and Hart are attempting to capitalize
5
   on Henley's fame and popularity as a hit songwriter and recording artist to advance
6
   their personal and professional agenda.
7

8  56.    Henley, Campbell and Kortchmar do not wish to have their creative works

9  used as part of DeVore's political campaign, or in videos to promote his campaign.

10  They do not want the public to believe that they might be associated with or

11  endorse the social or political views of DeVore.

12
   57.    The further exploitation of "The Boys of Summer" and "All She Wants to Do
13
   Is Dance" by DeVore and Hart in the above-described manner, and the wide public
14
   dissemination of the Infringing Videos by YouTube and other online sources, will
15
   cause the creative work of Henley, Campbell and Kortchmar to become associated
16
   with DeVore and Hart in the public mind.
17

18  58.    Henley, Campbell and Kortchmar derive substantial income and economic

19  value from licensed uses of their copyrighted musical compositions "The Boys of

20  Summer" and "All She Wants to Do Is Dance," and Henley from his recorded

21  performances of these songs.

22
   59.    The association of Henley's, Campbell's and Kortchmar's works with
23
   DeVore's campaign and views will make them less attractive to be licensed for
24
   other legitimate, income-producing purposes, such as for film, television and
25
   commercials.
26

27  60.    Henley, Campbell and Kortchmar have been irreparably harmed by the

28  actions of DeVore and Hart, and will continue to be so harmed if DeVore and Hart

13

are not enjoined from further using and exploiting "The Boys of Summer" and "All She Wants to Do Is Dance," from the infringement of copyright in any additional songs owned by Henley, Campbell and/or Kortchmar that DeVore and Hart may choose to appropriate, and from engaging in further conduct that falsely suggests an association between Henley and his creative works, on the one hand, and DeVore, Hart and the DeVore campaign, on the other.

## FIRST CLAIM FOR RELIEF

## (DIRECT COPYRIGHT INFRINGEMENT)

### (By Henley and Campbell)

61.    Henley and Campbell repeat and reallege each and every allegation set forth in paragraphs 1 to 60 above as if fully set forth herein.

62.    DeVore and Hart's unauthorized reproduction of, preparation of a derivative work based upon, distribution to the public of, and public performance of Henley and Campbell's copyrighted musical work "The Boys of Summer" in the Boys of Summer Video infringe Henley and Campbell's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 101 *et seq.*

63.    Each unauthorized reproduction, derivative work, distribution to the public and public performance of Henley and Campbell's copyrighted musical work constitutes an individual act of infringement of Henley and Campbell's exclusive rights under the Copyright Act, 17 U.S.C. § 101 *et seq.*

64.    DeVore and Hart's conduct has been and continues to be intentional, willful, and with full knowledge of Henley and Campbell's copyright interests and the infringement thereof.

14

ny-885785

65.    The foregoing acts by DeVore and Hart constitute willful, direct infringement of Henley and Campbell's exclusive rights in "The Boys of Summer."

66.    Pursuant to 17 U.S.C. § 504(c), as a direct and proximate result of DeVore and Hart's infringement of Henley and Campbell's exclusive rights, Henley and Campbell are entitled to recover statutory damages of up to $150,000 for the work infringed.  Alternatively, at Henley and Campbell's election, pursuant to 17 U.S.C. § 504(b), they shall be entitled to their actual damages, including DeVore and Hart's profits from infringement, as will be proven at trial.

67.    DeVore and Hart are causing and, unless enjoined by the Court, will continue to cause, Henley and Campbell irreparable harm for which they have no adequate remedy at law.

68.    Henley and Campbell are further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

## SECOND CLAIM FOR RELIEF

## (CONTRIBUTORY COPYRIGHT INFRINGEMENT )

### (By Henley and Campbell)

69.    Henley and Campbell repeat and reallege each and every allegation set forth in paragraphs 1 to 68 above as if fully set forth herein.

70.    Through their conduct alleged herein, DeVore and Hart knowingly and systematically induced, caused, materially contributed to and participated in the infringement of Henley and Campbell's copyrighted musical work "The Boys of Summer."

71.    Each unauthorized reproduction, derivative work, distribution to the public and public performance of Henley and Campbell's copyrighted musical work

15

ny-885785

1    constitutes an individual act of infringement of Henley and Campbell's exclusive

2    rights under the Copyright Act, 17 U.S.C. § 101 *et seq.*

3

4    72.    DeVore and Hart's conduct has been and continues to be intentional, willful,

5    and with full knowledge of Henley and Campbell's copyright interests and the

6    infringement thereof.

7    73.    The foregoing acts by DeVore and Hart constitute willful, contributory

8    infringement of Henley and Campbell's exclusive rights in "The Boys of Summer."

9

10    74.    Pursuant to 17 U.S.C. § 504(c), as a direct and proximate result of DeVore

11    and Hart's infringement of Henley and Campbell's exclusive rights, Henley and

12    Campbell are entitled to recover statutory damages of up to $150,000 for the work

13    infringed.  Alternatively, at Henley and Campbell's election, pursuant to 17 U.S.C.

14    § 504(b), Henley and Campbell shall be entitled to their actual damages, including

15    DeVore and Hart's profits from infringement, as will be proven at trial.

16    75.    DeVore and Hart are causing and, unless enjoined by the Court, will continue

17    to cause, Henley and Campbell irreparable harm for which they have no adequate

18    remedy at law.

19

20    76.    Henley and Campbell are further entitled to their attorneys' fees and full

21    costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

22    **THIRD CLAIM FOR RELIEF**

23    **(VICARIOUS COPYRIGHT INFRINGEMENT)**

24    **(By Henley and Campbell)**

25

26    77.    Henley and Campbell repeat and reallege each and every allegation set forth

27    in paragraphs 1 to 76 above as if fully set forth herein.

28

16

ny-885785

78.     On information and belief, DeVore and Hart have and had the right and ability to control the unauthorized reproduction and/or adaptation of Henley and Campbell's copyrighted musical work "The Boys of Summer" and the unauthorized distribution to the public and public performance of the Boys of Summer Video incorporating such work, to the extent that these activities relate to DeVore's Senate campaign.

79.     On information and belief, DeVore and Hart received a direct financial and economic benefit from the Boys of Summer Video by, among other things, receiving media exposure and additional campaign contributions.

80.     Each unauthorized reproduction, derivative work, distribution to the public and public performance of Henley and Campbell's copyrighted musical work constitutes an individual act of infringement of Henley and Campbell's exclusive rights under the Copyright Act, 17 U.S.C. § 101 *et seq.*

81.     DeVore and Hart's conduct has been and continues to be intentional, willful, and with full knowledge of Henley and Campbell's copyright interests and the infringement thereof.

82.     The foregoing acts by DeVore and Hart constitute willful, vicarious infringement of Henley and Campbell's exclusive rights in "The Boys of Summer."

83.     Pursuant to 17 U.S.C. § 504(c), as a direct and proximate result of DeVore and Hart's infringement of Henley and Campbell's exclusive rights, Henley and Campbell are entitled to recover statutory damages of up to $150,000 for the work infringed.  Alternatively, at Henley and Campbell's election, pursuant to 17 U.S.C. § 504(b), Henley and Campbell shall be entitled to their actual damages, including DeVore and Hart's profits from infringement, as will be proven at trial.

17

84.     DeVore and Hart are causing and, unless enjoined by the Court, will continue to cause, Henley and Campbell irreparable harm for which they have no adequate remedy at law.

85.     Henley and Campbell are further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

## FOURTH CLAIM FOR RELIEF

## (DIRECT COPYRIGHT INFRINGEMENT)

### (By Kortchmar)

86.     Kortchmar repeats and realleges each and every allegation set forth in paragraphs 1 to 85 above as if fully set forth herein.

87.     DeVore and Hart's unauthorized reproduction of, preparation of a derivative work based upon, distribution to the public of, and public performance of Kortchmar's copyrighted musical work "All She Wants to Do Is Dance" in the Dance Video infringes Kortchmar's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 101 *et seq.*

88.     Each unauthorized reproduction, derivative work, distribution to the public and public performance of Kortchmar's copyrighted musical work constitutes an individual act of infringement of Kortchmar's exclusive rights under the Copyright Act, 17 U.S.C. § 101 *et seq.*

89.     DeVore and Hart's conduct has been and continues to be intentional, willful, and with full knowledge of Kortchmar's copyright interests and the infringement thereof.

90.     The foregoing acts by DeVore and Hart constitute willful, direct infringement of Kortchmar's exclusive rights in "All She Wants to Do Is Dance."

18

ny-885785

91.    Pursuant to 17 U.S.C. § 504(c), as a direct and proximate result of DeVore and Hart's infringement of Kortchmar's exclusive rights, Kortchmar is entitled to recover statutory damages of up to $150,000 for the work infringed. Alternatively, at Kortchmar's election, pursuant to 17 U.S.C. § 504(b), he shall be entitled to his actual damages, including DeVore and Hart's profits from infringement, as will be proven at trial.

92.    DeVore and Hart are causing and, unless enjoined by the Court, will continue to cause, Kortchmar irreparable harm for which he has no adequate remedy at law.

93.    Kortchmar is further entitled to his attorneys' fees and full costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

## FIFTH CLAIM FOR RELIEF

## (CONTRIBUTORY COPYRIGHT INFRINGEMENT )

### (By Kortchmar)

94.    Kortchmar repeats and realleges each and every allegation set forth in paragraphs 1 to 93 above as if fully set forth herein.

95.    Through their conduct alleged herein, DeVore and Hart knowingly and systematically induced, caused, materially contributed to and participated in the infringement of Kortchmar's copyrighted musical work "All She Wants to Do Is Dance."

96.    Each unauthorized reproduction, derivative work, distribution to the public and public performance of Kortchmar's copyrighted musical work constitutes an individual act of infringement of Kortchmar's exclusive rights under the Copyright Act, 17 U.S.C. § 101 *et seq.*

19

ny-885785

97.    DeVore and Hart's conduct has been and continues to be intentional, willful, and with full knowledge of Kortchmar's copyright interests and the infringement thereof.

98.    The foregoing acts by DeVore and Hart constitute willful, contributory infringement of Kortchmar's exclusive rights in "All She Wants to Do Is Dance."

99.    Pursuant to 17 U.S.C. § 504(c), as a direct and proximate result of DeVore and Hart's infringement of Kortchmar's exclusive rights, Kortchmar is entitled to recover statutory damages of up to $150,000 for the work infringed.  Alternatively, at Kortchmar's election, pursuant to 17 U.S.C. § 504(b), Kortchmar shall be entitled to his actual damages, including DeVore and Hart's profits from infringement, as will be proven at trial.

100.    DeVore and Hart are causing and, unless enjoined by the Court, will continue to cause, Kortchmar irreparable harm for which he has no adequate remedy at law.

101.    Kortchmar is further entitled to his attorneys' fees and full costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

## SIXTH CLAIM FOR RELIEF

## (VICARIOUS COPYRIGHT INFRINGEMENT)

### (By Kortchmar)

102.    Kortchmar repeats and realleges each and every allegation set forth in paragraphs 1 to 101 above as if fully set forth herein.

103.    On information and belief, DeVore and Hart have and had the right and ability to control the unauthorized reproduction and/or adaptation of Kortchmar's copyrighted musical work "All She Wants to Do Is Dance" and the unauthorized

ny-885785

distribution to the public and public performance of the Dance Video incorporating such work, to the extent that these activities relate to DeVore's Senate campaign.

104.   On information and belief, DeVore and Hart received a direct financial and economic benefit from the Dance Video by, among other things, receiving media exposure and additional campaign contributions.

105.   Each unauthorized reproduction, derivative work, distribution to the public and public performance of Kortchmar's copyrighted musical work constitutes an individual act of infringement of Kortchmar's exclusive rights under the Copyright Act, 17 U.S.C. § 101 *et seq.*

106.   DeVore and Hart's conduct has been and continues to be intentional, willful, and with full knowledge of Kortchmar's copyright interests and the infringement thereof.

107.   The foregoing acts by DeVore and Hart constitute willful, vicarious infringement of Kortchmar's exclusive rights in "All She Wants to Do Is Dance."

108.   Pursuant to 17 U.S.C. § 504(c), as a direct and proximate result of DeVore and Hart's infringement of Kortchmar's exclusive rights, Kortchmar is entitled to recover statutory damages of up to $150,000 for the work infringed.  Alternatively, at Kortchmar's election, pursuant to 17 U.S.C. § 504(b), Kortchmar shall be entitled to his actual damages, including DeVore and Hart's profits from infringement, as will be proven at trial.

109.   DeVore and Hart are causing and, unless enjoined by the Court, will continue to cause, Kortchmar irreparable harm for which he has no adequate remedy at law.

110.   Kortchmar is further entitled to his attorneys' fees and full costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

21

ny-885785

## SEVENTH CLAIM FOR RELIEF

## (FALSE ASSOCIATION OR ENDORSEMENT – 15 U.S.C. § 1125(a))

### (By Henley)

111.   Henley repeats and realleges each and every allegation set forth in paragraphs 1 to 110 above as if fully set forth herein.

112.   Henley is one of the world's most famous songwriters and recording artists. The well-known hit song, "The Boys of Summer," for which Henley earned a Grammy Award, is famously associated with Henley and immediately suggests Henley's identity and persona in the mind of the public.

113.   Similarly, the well-known hit song recorded by Henley, "All She Wants to Do Is Dance," is famously associated with Henley and immediately suggests Henley's identity and persona in the mind of the public.

114.   DeVore and Hart's use of these two songs in connection with their videos was in commerce, specifically for campaign, publicity and fundraising purposes, and to further DeVore and Hart's interests.

115.   DeVore and Hart knew or should have known that their unauthorized use of Henley's identity and persona by incorporating well-known songs associated with him in their videos, one almost immediately after another, was likely to cause confusion or mistake by the public regarding whether Henley has endorsed, is affiliated, connected to, or associated with, or has approved of the message and content of, such videos, DeVore and/or DeVore's Senate campaign, in violation of the Lanham Act, 15 U.S.C. § 1125(a).

22

ny-885785

116.   Due to DeVore and Hart's unauthorized use of Henley's identity and persona through the use of these songs in their videos, Henley has suffered damages and will continue to suffer damages.

117.   DeVore and Hart's conduct has been and continues to be intentional, willful, and with full knowledge of the violation of Henley's rights.

118.   DeVore and Hart are causing and, unless enjoined by the Court, will continue to cause, Henley irreparable harm for which he has no adequate remedy at law.

119.   Henley is further entitled to his attorneys' fees and full costs pursuant to 15 U.S.C. § 1117, and prejudgment interest according to law.

## EIGHTH CLAIM FOR RELIEF

## (STATE UNFAIR BUSINESS PRACTICES –

## CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200)

### (By Henley)

120.   Henley repeats and realleges each and every allegation set forth in paragraphs 1 to 119 above as if fully set forth herein.

121.   As described above, DeVore and Hart's conduct is likely to cause confusion or mistake regarding whether Henley has endorsed, is affiliated, connected to or associated with, or has approved of the message and content of, the Boys of Summer and Dance Videos, DeVore and/or his Senate campaign.  The conduct of DeVore and Hart is intended to produce and likely has produced substantial benefits for DeVore and Hart at the expense of Henley.

ny-885785

1    122.   DeVore and Hart's conduct is likely to deceive the general public and

2    constitutes willful and intentional unlawful, unfair and fraudulent business practices

3    in violation of California Business & Professions Code § 17200 *et seq.*

4
5    123.   Henley has suffered substantial injury as a result of DeVore and Hart's

6    wrongful acts.  DeVore and Hart's misconduct also has caused, and is continuing to

7    cause, irreparable injury to Henley, his reputation and goodwill, and unless

8    enjoined will cause further irreparable injury for which Henley has no adequate

9    remedy at law.

10                              **PRAYER FOR RELIEF**

11       WHEREFORE, Henley, Campbell and Kortchmar pray for relief as follows:

12              **FIRST, SECOND AND THIRD CLAIMS FOR RELIEF**

13
14   1.     For a declaration that:

15
16       (a)    through their conduct, DeVore and Hart have willfully and directly

17   infringed the copyright in the musical work "The Boys of Summer" by their

18   unauthorized reproduction of, creation of a derivative work based upon,

19   distribution to the public of, and public performance of such work, in

20   violation of Henley and Campbell's exclusive rights under the Copyright

21   Act, 17 U.S.C. § 101 *et seq.*;

22       (b)    through their conduct, DeVore and Hart have willfully and

23   contributorily infringed the copyright in the musical work "The Boys of

24   Summer" by their unauthorized reproduction of, creation of a derivative

25   work based upon, distribution to the public of, and public performance of

26   such work, in violation of Henley and Campbell's exclusive rights under the

27   Copyright Act, 17 U.S.C. § 101 *et seq.*; and

28

24

ny-885785

(c)    through their conduct, DeVore and Hart have willfully and vicariously infringed the copyright in the musical work "The Boys of Summer" by their unauthorized reproduction of, creation of a derivative work based upon, distribution to the public of, and public performance of such copyrighted work, in violation of Henley and Campbell's exclusive rights under the Copyright Act, 17 U.S.C. § 101 *et seq.*;

2.    For a preliminary and permanent injunction enjoining DeVore and Hart and their agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert with them:

(a)    from all further infringing conduct in connection with the Boys of Summer Video;

(b)    from all further infringement of any copyrighted musical work owned or controlled by Henley and/or Campbell; and

(c)    requiring removal of the Boys of Summer Video from all places where it has been stored and/or made available and destruction of any and all copies of the Boys of Summer Video;

3.    For an award of statutory damages to Henley and Campbell pursuant to the Copyright Act in the amount of $150,000 for the willful infringement of Henley and Campbell's work "The Boys of Summer" or, at Henley and Campbell's election, actual damages and profits as permitted under the Copyright Act, in an amount to be determined at trial;

4.    For prejudgment interest according to law;

5.    For an order awarding Henley and Campbell their attorneys' fees, together with the costs and disbursements of this action; and

25

6.    For such other relief as the Court deems just and proper.

## FOURTH, FIFTH, AND SIXTH CLAIMS FOR RELIEF

1.    For a declaration that:

(a)    through their conduct, DeVore and Hart have willfully and directly infringed the copyright in the musical work "All She Wants to Do Is Dance" by their unauthorized reproduction of, creation of a derivative work based upon, distribution to the public of, and public performance of such work, in violation of Kortchmar's exclusive rights under the Copyright Act, 17 U.S.C. § 101 *et seq.*;

(b)    through their conduct, DeVore and Hart have willfully and contributorily infringed the copyright in the musical work "All She Wants to Do Is Dance" by their unauthorized reproduction of, creation of a derivative work based upon, distribution to the public of, and public performance of such work, in violation of Kortchmar's exclusive rights under the Copyright Act, 17 U.S.C. § 101 *et seq.*; and

(c)    through their conduct, DeVore and Hart have willfully and vicariously infringed the copyright in the musical work "All She Wants to Do Is Dance" by their unauthorized reproduction of, creation of a derivative work based upon, distribution to the public of, and public performance of such copyrighted work, in violation of Kortchmar's exclusive rights under the Copyright Act, 17 U.S.C. § 101 *et seq.*;

2.    For a preliminary and permanent injunction enjoining DeVore and Hart and their agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert with them:

26

ny-885785

(a)    from all further infringing conduct in connection with the Dance Video;

(b)    from all further infringement of any copyrighted musical work owned or controlled by Kortchmar; and

(c)    requiring removal of the Dance Video from all places where it has been stored and/or made available and destruction of any and all copies of the Dance Video;

3.    For an award of statutory damages to Kortchmar pursuant to the Copyright Act in the amount of $150,000 for the willful infringement of Kortchmar's work "All She Wants to Do Is Dance" or, at Kortchmar's election, actual damages and profits as permitted under the Copyright Act, in an amount to be determined at trial;

4.    For prejudgment interest according to law;

5.    For an order awarding Kortchmar his attorneys' fees, together with the costs and disbursements of this action; and

6.    For such other relief as the Court deems just and proper.

## SEVENTH AND EIGHTH CLAIMS FOR RELIEF

1.    For a declaration that:

(a)    through their conduct, DeVore and Hart improperly used Henley's identity and persona by creating the false impression that Henley has endorsed, is affiliated, connected to or associated with, or has approved of the message and views of, the Infringing Videos, DeVore and/or his Senate campaign, in violation of the Lanham Act, 15 U.S.C. § 1125(a); and

27

(b)    through their conduct, DeVore and Hart improperly used Henley's identity and persona by creating the false impression that Henley has endorsed, is affiliated, connected to or associated with, or has approved of the message and views of, the Infringing Videos, DeVore and/or his Senate campaign, in violation of California Business & Professions Code § 17200 *et seq.*;

2.    For a preliminary and permanent injunction enjoining DeVore and Hart and their agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert with them:

(a)    from all further unlawful conduct in connection with the Infringing Videos;

(b)    from improperly suggesting an association with Henley or his creative works in violation of the Lanham Act, 15 U.S.C. § 1125(a);

(c)    from improperly suggesting an association with Henley or his creative works in violation of California Business & Professions Code § 17200 *et seq.*;  and

(d)    requiring removal of the Infringing Videos from all places where it has been stored and/or made available and destruction of any and all copies of the Infringing Videos;

3.    For an award of DeVore and Hart's profits and damages according to proof, for their violations of the Lanham Act, 15 U.S.C. § 1125(a), in an amount to be determined at trial;

28

4.  For an award of DeVore and Hart's profits and damages according to proof, for their violations of California Business & Professions Code § 17200 *et seq.*, in an amount to be determined at trial;

5.  For prejudgment interest according to law;

6.  For an order awarding Henley his attorneys' fees, together with the costs and disbursements of this action; and

7.  For such other relief as the Court deems just and proper.

ny-885785

1

## JURY DEMAND

2

3        Henley, Campbell and Kortchmar hereby demand a trial by jury on all issues

4    so triable.

5    Dated:    September 24, 2009        MORRISON & FOERSTER LLP
                                        Charles S. Barquist
6                                       Jacqueline C. Charlesworth
                                        Craig B. Whitney
7                                       Kelvin D. Chen
                                        Paul Goldstein
8

9
                                        By: _____
10                                          Charles S. Barquist

11                                      Attorneys for Plaintiffs
                                        DON HENLEY, MIKE CAMPBELL
12                                      and DANNY KORTCHMAR

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ny-885785

1

## CERTIFICATE OF SERVICE BY MAIL
(Fed. R. Civ. Proc. rule 5(b))

2

3         I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 555 West Fifth Street, Los Angeles, California 90013-1024; I am not a party to the within cause; I am over the age of eighteen years and I am readily familiar with Morrison & Foerster's practice for collection and processing of correspondence for mailing with the United States Postal Service and know that in the ordinary course of Morrison & Foerster's business practice the document described below will be deposited with the United States Postal Service on the same date that it is placed at Morrison & Foerster with postage thereon fully prepaid for collection and mailing.

4

5

6

7

     I further declare that on the date hereof I served a copy of:

8

**FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

9

10    on the following by placing a true copy thereof enclosed in a sealed envelope addressed as follows for collection and mailing at Morrison & Foerster LLP, 555 West Fifth Street, Los Angeles, California 90013-1024, in accordance with Morrison & Foerster's ordinary business practices:

11

12    Christopher Arledge

13    John Tehranian
One LLP

14    535 Anton Boulevard, Suite 850

15    Costa Mesa, California 92626

16         I declare under penalty of perjury that the above is true and correct.

17         Executed at Los Angeles, California, this 30th day of September, 2009.

18

19

20

21    _____        _____
     Rosa L. Beltran                        (signature)

22          (typed)

23

24

25

26

27

28

la-1026603