Christopher W. Arledge (Bar No. 200767)
  carledge@turnergreen.com
Peter Afrasiabi (Bar No. 193336)
  pafrasiabi@turnergreen.com
John Tehranian (Bar No. 211616)
  jtehranian@turnergreen.com
ONE LLP
535 Anton Boulevard, Suite 850
Costa Mesa, California 92626
Telephone:  (714) 434-8750
Facsimile:   (714) 434-8756

Attorneys for Defendants Charles S. DeVore and Justin Hart

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| DON HENLEY, MIKE CAMPBELL and DANNY KORTCHMAR,<br><br>  Plaintiffs,<br><br>v.<br><br>CHARLES S. DEVORE and JUSTIN HART,<br><br>  Defendants.<br>_____<br>CHARLES S. DEVORE and JUSTIN HART,<br><br>  Counterclaimants,<br><br>v.<br><br>DON HENLEY, MIKE CAMPBELL and ROES 1-10 inclusive,<br><br>  Counter-defendants. | Case No. SACV09-0481 JVS (RNBx)<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

15595.1

1

**DEFENDANTS' ANSWER**

1. Defendants admit that this action concerns the songs "The Boys of Summer" and "All She Wants to Do Is Dance." Defendants deny all of the other allegations in paragraph 1.
2. Defendants deny that they posted any infringing work anywhere and deny any other allegations in paragraph 2.
3. Defendants admit they posted parody videos on YouTube and elsewhere. They deny all other allegations in paragraph 3.
4. Defendants admit YouTube removed the Boys of Summer parody video and refused to repost it despite their request. Defendants lack knowledge of facts sufficient to admit or deny the remaining allegations in paragraph 4 and, on that basis, Defendants deny them.
5. Defendants admit to having created and distributed a second parody video. Defendants deny any other allegations in paragraph 5.
6. Defendants deny all allegations in paragraph 6.
7. Defendants lack knowledge of facts sufficient to admit or deny the allegations in paragraph 7 and, on that basis, Defendants deny them.
8. Paragraph 8 does not call for Defendants to admit or deny any allegations. What Plaintiffs are pursuing is set forth in the complaint. Defendants do deny that Plaintiffs are entitled to the relief set forth in paragraph 8 or any other relief.
9. Paragraph 9 does not call for Defendants to admit or deny any allegations. Defendants do deny that Plaintiffs have stated or can state valid claims under the statutes set forth in paragraph 9 or any other statute or common law doctrine.
10. Defendants admit that this Court has subject matter jurisdiction over this action.
11. Defendants admit that this Court has supplemental jurisdiction over the state-law claim.
12. Defendants admit that this Court has personal jurisdiction over the Defendants.
13. Defendants admit that venue is proper.

14. Defendants admit Don Henley is a songwriter and recording artist. Defendants lack knowledge of facts sufficient to admit or deny the location of Henley's residence.
15. Defendants lack knowledge of facts sufficient to admit or deny the allegations in paragraph 15 and, on that basis, Defendants deny them.
16. Defendants admit Mike Campbell is a songwriter, recording artist, and producer. Defendants lack knowledge of facts sufficient to admit or deny the location of Campbell's residence.
17. Defendants lack knowledge of facts sufficient to admit or deny the allegations in paragraph 17 and, on that basis, Defendants deny them.
18. Defendants admit Danny Kortchmar is a songwriter, recording artist, and producer. Defendants lack knowledge of facts sufficient to admit or deny the location of Kortchmar's residence.
19. Defendants lack knowledge of facts sufficient to admit or deny the allegations in paragraph 19 and, on that basis, Defendants deny them.
20. Admitted.
21. Admitted.
22. Defendants lack knowledge of facts sufficient to admit or deny the allegations in paragraph 22 and, on this basis, deny them.
23. Defendants lack knowledge of facts sufficient to admit or deny the allegations in paragraph 23 and, on this basis, deny them.
24. Defendants lack knowledge of facts sufficient to admit or deny the allegations in paragraph 24 and, on this basis, deny them.
25. Defendants lack knowledge of facts sufficient to admit or deny the allegations in paragraph 25 and, on this basis, deny them.
26. Defendants admit that the album *Building the Perfect Beast* contained the songs "The Boys of Summer" and "All She Wants to Do Is Dance." Defendants lack

knowledge of facts sufficient to admit or deny the remaining allegations in paragraph 26 and, on this basis, deny them.

27. Defendants lack knowledge of facts sufficient to admit or deny the allegations in paragraph 27 and, on this basis, deny them.

28. Defendants lack knowledge of facts sufficient to admit or deny the allegations in paragraph 28 and, on this basis, deny them.

29. Defendants admit that at no time have they sought or obtained licenses related to "The Boys of Summer" Or "All She Wants to Do Is Dance." Defendants lack knowledge of facts sufficient to admit or deny the remaining allegations in paragraph 29 and, on this basis, deny them.

30. Admitted.

31. Defendants admit that DeVore uses the internet to raise funds for political campaigns. Defendants admit that Hart participates in some or all of those efforts. Defendants lack knowledge of facts sufficient to admit or deny the remaining allegations in paragraph 31 and, on this basis, deny them.

32. Defendants admit that DeVore posted an article on "Big Hollywood" and that the article contained lyrics written by DeVore. Defendants deny the remaining allegations of paragraph 32.

33. Defendants admit that DeVore included a link on "Big Hollywood" to a video made by Defendants. Defendants deny the remaining allegations of paragraph 33.

34. Defendants admit that Hart speaks the quoted words in the video posted on "Big Hollywood." Defendants deny the remaining allegations of paragraph 34.

35. Defendants admit that at the end of the video posted on "Big Hollywood" the words "Time for Chuck DeVore" appear and that a campaign ad notice also appears. Defendants deny the remaining allegations of paragraph 35.

36. Defendants admit that they posted the Boys of Summer parody video on YouTube and made it available on the internet. They deny the remaining allegations of paragraph 36.

37. Denied.
38. Defendants admit that YouTube removed their parody video from its website. Defendants deny the remaining allegations of paragraph 38.
39. Admitted.
40. Defendants lack knowledge of facts sufficient to admit or deny the allegations in paragraph 40 and, on this basis, deny them.
41. Defendants admit that DeVore posted the quoted language on "Big Hollywood." Defendants deny the remaining allegations of paragraph 41.
42. Defendants admit that DeVore made the parody video available on www.chuck76.com. Defendants deny the remaining allegations of paragraph 42.
43. Defendants lack knowledge of facts sufficient to admit or deny the allegations in paragraph 43 and, on this basis, deny them.
44. Defendants lack knowledge of facts sufficient to admit or deny the allegations in paragraph 44 and, on this basis, deny them.
45. Defendants admit that DeVore created a second parody video. Defendants deny the remaining allegations of paragraph 45.
46. Denied.
47. Defendants lack knowledge of facts sufficient to admit or deny the allegations in paragraph 47 and, on this basis, deny them.
48. Admitted.
49. Defendants lack knowledge of facts sufficient to admit or deny the allegations in paragraph 49 and, on this basis, deny them.
50. Defendants admit that YouTube removed (for a time) the second parody video.
51. Defendants admit that they asked YouTube to repost the second parody video.
52. Defendants lack knowledge of facts sufficient to admit or deny the allegations in paragraph 52 and, on this basis, deny them.
53. Defendants admit the second parody video was reposted and that the disclaimer quoted in paragraph 53 appeared at the beginning of the video. Defendants lack

|   |     |                                                                                          |
|---|-----|------------------------------------------------------------------------------------------|
| 1 |     | knowledge of facts sufficient to admit or deny the remaining allegations in              |
| 2 |     | paragraph 53 and, on this basis, deny them.                                              |
| 3 | 54. | Admitted.                                                                                |
| 4 | 55. | Denied.                                                                                  |
| 5 | 56. | Defendants admit that Plaintiffs lawsuit is driven by their distaste of Chuck DeVore's political positions and political speech. Defendants lack knowledge of facts sufficient to admit or deny the remaining allegations in paragraph 56 and, on this basis, deny them.. |
| 9 | 57. | Denied.                                                                                  |
| 10| 58. | Denied.                                                                                  |
| 11| 59. | Denied.                                                                                  |
| 12| 60. | Denied.                                                                                  |
| 13| 61. | Defendants incorporated any denials made to the allegations set forth in paragraphs 1 through 60 as if set forth fully herein. |
| 15| 62. | Denied.                                                                                  |
| 16| 63. | Denied.                                                                                  |
| 17| 64. | Denied.                                                                                  |
| 18| 65. | Denied.                                                                                  |
| 19| 66. | Denied.                                                                                  |
| 20| 67. | Denied.                                                                                  |
| 21| 68. | Denied.                                                                                  |
| 22| 69. | Defendants incorporated any denials made to the allegations set forth in paragraphs 1 through 68 as if set forth fully herein. |
| 24| 70. | Denied.                                                                                  |
| 25| 71. | Denied.                                                                                  |
| 26| 72. | Denied.                                                                                  |
| 27| 73. | Denied.                                                                                  |
| 28| 74. | Denied.                                                                                  |

75. Denied.
76. Denied.
77. Defendants incorporated any denials made to the allegations set forth in paragraphs 1 through 76 as if set forth fully herein.
78. Denied.
79. Denied.
80. Denied.
81. Denied.
82. Denied.
83. Denied.
84. Denied.
85. Denied.
86. Defendants incorporated any denials made to the allegations set forth in paragraphs 1 through 85 as if set forth fully herein.
87. Denied.
88. Denied.
89. Denied.
90. Denied.
91. Denied.
92. Denied.
93. Denied.
94. Defendants incorporated any denials made to the allegations set forth in paragraphs 1 through 93 as if set forth fully herein.
95. Denied.
96. Denied.
97. Denied.
98. Denied.
99. Denied.

100. Denied.
101. Denied.
102. Defendants incorporated any denials made to the allegations set forth in paragraphs 1 through 101 as if set forth fully herein.
103. Denied.
104. Denied.
105. Denied.
106. Denied.
107. Denied.
108. Denied.
109. Denied.
110. Denied.
111. Defendants incorporated any denials made to the allegations set forth in paragraphs 1 through 110 as if set forth fully herein.
112. Denied.
113. Denied.
114. Denied.
115. Denied.
116. Denied.
117. Denied.
118. Denied.
119. Denied.
120. Defendants incorporated any denials made to the allegations set forth in paragraphs 1 through 119 as if set forth fully herein.
121. Denied.
122. Denied.
123. Denied.

# AFFIRMATIVE DEFENSES[1]

As separate affirmative defenses to the Plaintiffs' Complaint, Defendants allege as follows:

1. The Complaint fails to state any claims upon which relief can be granted.

2. The claims of the Complaint are barred, in whole or in part, due to estoppel, unclean hands, waiver and/or laches.

3. The claims of the Complaint are barred by Plaintiffs' fraud.

4. The claims of the Complaint are barred by license, consent, and acquiescence.

5. The claims of the Complaint are barred by the failure to mitigate damages.

6. The claims of the Complaint are barred or unenforceable by the doctrine of fraud on the United States Copyright Office.

7. The claims of the Complaint are barred or unenforceable by the doctrine of copyright misuse.

8. The claims of the Complaint are barred by the doctrine of copyright fair use and trademark fair use principles.

9. The claims of the Complaint are barred by the invalidity of the copyright and/or copyright registration in question.

10. The claims of the Complaint are barred by Plaintiffs' lack of standing.

11. The claims of the Complaint are barred by the First Amendment to the United States Constitution and the relevant provisions of the California Constitution.

12. The claims of the Complaint are limited by innocent infringer principles.

13. The Complaint is barred, in whole or in part, because the material allegedly used is in the public domain, and therefore is not subject to copyright protection.

14. The Complaint is barred, in whole or in part, because even if some copyrighted material allegedly owned by Plaintiffs was used by Defendants, which Defendants deny, those materials were not original works of authorship and therefore are

---

[1] By including the following affirmative defenses, Defendants do not concede that

not subject to copyright protection.

15.    To the extent that the Complaint attempts to assert any claim for relief, or seek any recovery, based on any legal theory other than a purported violation of the federal Copyright Act, such claims or recovery are preempted pursuant to 17 U.S.C. § 301.

16.    The Complaint, to the extent that it seeks punitive and/or statutory damages against Defendants violates Defendants' right to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of the California Constitution because, among other things, the alleged wrongful conduct at issue here is not sufficiently reprehensible to warrant any punitive damage recovery and/or any assessment of statutory damages would grossly exceed any actual damages to Plaintiffs. Therefore, Plaintiffs cannot recover statutory and/or punitive damages against Defendants in this case.

17.    The Complaint, to the extent that it seeks punitive and/or statutory damages against Defendants violates Defendants' right to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of the California Constitution because, among other things, of the vagueness and uncertainty of the criteria for the imposition of punitive damages and the lack of fair notice of what conduct will result in the imposition of such damages. Therefore, Plaintiff cannot recover statutory and/or punitive damages against Defendants in this case.

18.    The Complaint, to the extent that it seeks statutory and/or punitive damages against Defendants violates Defendants' right to protection from "excessive fines" under Article 1, Section 17 of the California Constitution, and it violates Defendants' right to substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of the California Constitution. Therefore, Plaintiffs cannot recover statutory and/or punitive damages against Defendants' in this case.

they bear the burden of proof or persuasion on any of them.

19. The imposition of statutory and/or punitive damages against Defendants would deny equal protection of the laws, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 and Article IV, Section 16 of the California Constitution. Therefore, Plaintiffs cannot recover statutory and/or punitive damages against Defendants in this case.

20. Plaintiffs' claims for relief are barred, in whole or in part, by the United States Supreme Court's decision in *Dastar v. Twentieth Century Fox*, 123 S. Ct. 2041 (2003).

Defendants presently have insufficient knowledge and information upon which to form a belief as to whether it may have additional defenses. Defendants therefore reserve the right to assert additional affirmative defenses in the event that discovery or investigation indicates that such defenses are appropriate.

**PRAYER FOR RELIEF**

1. For judgment in Defendants' favor as to all claims in the Complaint;
2. For attorneys' fees and costs of suit;
3. For such other relief as the Court deems just and proper.

Dated: October 5, 2009          **ONE LLP**

By: /s/ Christopher W. Arledge
Christopher W. Arledge
Attorneys for Defendants, Charles S. DeVore and Justin Hart

15595.1

11

**DEFENDANTS' ANSWER**